■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNESTO MAZA, Appellant.—Judgment, Supreme Court, Bronx County (Warner, J.), rendered July 28, 1982, which convicted defendant, upon his plea of guilty, of robbery in the first degree and criminal use of a firearm in the first degree, and sentenced him to two concurrent terms of imprisonment of from 7 to 14 years, which terms are to run concurrently with a term of imprisonment of from 6 to 18 years previously imposed in Supreme Court, New York County, affirmed.

On May 26, 1982, the defendant, pursuant to a negotiated plea agreement, pleaded guilty to robbery in the first degree and criminal use of a firearm in the first degree, to cover all charges contained in an indictment comprising six counts. At the time of the entry of the defendant's guilty plea it was agreed between the defendant's attorney, the Assistant District Attorney and the court, that the defendant would be sentenced to two terms of 7 to 14 years' imprisonment, to run concurrently with a previously imposed sentence of 6 to 18 years. The sentence agreement was then fully explained to the

defendant by the court. The defendant, on the record, acknowledged that he understood the agreement. There was no mention of the basis for the sentence agreement being a predicate felony conviction.

On the date of sentence, the District Attorney presented a predicate felony information alleging that the defendant had, on December 3, 1981, been sentenced for a felony in Supreme Court, New York County. The defendant admitted that he was the same person named in the predicate felony information and that he had been convicted as alleged. He raised no objection or challenge to the allegation that he was a predicate felon. The defendant's attorney asked that the agreed-upon sentences be imposed. Defendant was then sentenced to the agreed 7- to 14-year sentences to run concurrently with the previously imposed 6- to 18-year sentence. The court stated that it was sentencing the defendant as a predicate felon.

The crimes to which defendant pleaded guilty occurred on September 4, 1981. The judgment of conviction upon which the predicate felony finding was based was rendered on December 3, 1981. A "second felony offender" is defined in Penal Law § 70.06. It provides that a second felony offender is one who stands convicted of a felony after having previously been subjected to one or more predicate felony convictions. Clause (b) (ii) provides "Sentence upon such prior conviction must have been imposed before commission of the present felony". The People concede that, in light of the statutory definition, the defendant is not a "second felony offender". The matter does not rest there, however.

Robbery in the first degree is included in the list of violent felony offenses set forth in Penal Law § 70.02 (1) (a). Section 70.02 (3) provides that the maximum permissible sentence for that crime is 25 years. Subdivision (4) of that section authorizes a minimum sentence between one third the maximum and one half the maximum term imposed when the sentence is for a conviction of a class B armed felony offense. Robbery in the first degree is such a class B armed felony offense (Penal Law § 70.02 [1] [a]; CPL 1.20 [41] [b]; Penal Law § 160.15 [4]). The sentence imposed by the court, while not authorized under Penal Law § 70.04 (1) (b) (ii), since the defendant was not a predicate felon, was authorized since defendant was an armed felon as above noted.

At oral argument the attorney for the defendant stated that he had been in contact with his client to advise him that

should the matter be remanded to the Supreme Court for resentence the People would have an opportunity to withdraw their consent to the plea and would have the right to proceed to trial on the case. *(See, People v Farrar,* 52 NY2d 302.) He stated that the defendant had advised him that he did not want the case remanded and did not want to withdraw his plea. In the circumstances, the attorney for the defendant argued only for a modification of sentence by this court to reflect the lowest permissible minimum sentence, i.e., 4⅔ years. In view of the defendant's position at oral argument, taken together with the fact that the sentence imposed by the court was an authorized sentence, albeit on grounds other than those stated by the court, an affirmance is in order. Concur—Sandler, J. P., Sullivan, Fein, Kassal and Rosenberger, JJ.