■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MYRTLE WEEKES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered March 24, 1987, convicting her of criminal possession of marihuana in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

Contrary to the defendant's contentions, the evidence at trial established that she knowingly and unlawfully possessed a quantity of marihuana found in her suitcases *(see, People v Green,* 35 NY2d 437, 442-443; *People v Reisman,* 29 NY2d 278, 285-287, *cert denied* 405 US 1041; *People v Tirado,* 47 AD2d 193, 194-195, *affd* 38 NY2d 955).

The proof adduced at trial revealed that a Customs inspection of the defendant's luggage at Kennedy Airport uncovered over 28 pounds of marihuana concealed in the frames of eight pieces of string art contained in two suitcases. The record further discloses that the defendant was in exclusive possession of the string art frames, which made up the bulk of the

40 pounds of luggage which she had been carrying. Moreover, it was established at trial that the defendant had improperly omitted the string art frames from her Customs declaration, an action which buttressed the inference that she had knowledge of the contraband in her possession. Although the defendant argues that she had no knowledge of the marihuana contained in her luggage, issues of credibility, as well as the weight to be accorded the evidence presented, were primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). We find no basis to disturb the jury's determination, which is supported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The sentence imposed by the court cannot, under the circumstances, be considered unduly harsh or excessive (see, People v Farrar, 52 NY2d 302; People v Suitte, 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or lacking in merit. Mollen, P. J., Kooper, Sullivan and Harwood, JJ., concur.