█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE VISINTIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenberger, J.), rendered September 12, 1983, convicting him of perjury in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

A Grand Jury convened by the Special State Prosecutor to Investigate Corruption in the New York City Criminal Justice System conducted an investigation into allegations of police corruption in Queens. The Grand Jury heard testimony that on November 24, 1980, Detective Arturo Delacruz of the 110th Precinct, while accompanied by the defendant, received money from Hector Agudelo, the owner and operator of a licensed bar and an unlicensed after hours club in Jackson Heights for "protection". The defendant appeared as a witness before the Grand Jury and testified that the reason for the detective's presence at Agudelo's club on November 24 was to investigate a stabbing which had occurred there the night before. He further testified that he saw Delacruz take some photographs out of his pocket just before he went to the bathroom in the rear of the bar with Agudelo, where the payment allegedly took place. Although claiming not to know the precise nature of the photographs, the defendant stated that Delacruz always carried photographs with him and that he used them in an effort to identify suspects. Other evidence presented to the Grand Jury indicated that Delacruz did not have any photographs in his hands when he spoke to Agudelo on November 24. Finding that "it was material and necessary for the Grand Jury to ascertain the precise reasons for which Mr. Agudelo

and Det. Delacruz left the bar area and walked to the rear" of the club, and that the defendant had knowingly given false testimony about the photographs, the Grand Jury indicted the defendant for perjury in the first degree, and a petit jury convicted him of that charge.

Viewing the evidence in the light most favorable to the People and drawing every reasonable inference from that evidence (see, People v Malizia, 62 NY2d 755, 757, cert denied 469 US 932), the People proved beyond a reasonable doubt that the defendant lied to the Grand Jury that Detective Delacruz had photographs in his hands on November 24 in an effort to give an innocent explanation for the private contact between Delacruz and Agudelo. This false testimony was material to the investigation since it tended to impede, influence and dissuade the Grand Jury from achieving its objective of investigating the alleged payment of money by Agudelo to Delacruz on that occasion (see, Penal Law § 210.15; People v Davis, 53 NY2d 164; People v Stanard, 42 NY2d 74). The falsity of the testimony was sufficiently corroborated by the testimony of two witnesses at the trial (see, Penal Law § 210.50; People v Stanard, supra, at p 79), and Delacruz's subsequent acquittal on the charge of accepting a bribe from Agudelo on November 24 was irrelevant on the issue of whether the defendant's testimony was false and material at the time it was given (see, People v Stanard, supra, p 80; United States v Stone, 429 F2d 138, 140-141).

We reject the defendant's contention that he was the victim of a perjury trap set by the Special Prosecutor in light of the materiality of his false testimony about the photographs and the fact that he volunteered the false explanation without prompting (see, People v Davis, supra, at p 174; cf. People v Tyler, 46 NY2d 251). There was no error in the Special Prosecutor's failure to confront the defendant with the contrary evidence as the defendant was given ample opportunity to modify or retract the false statements he made (see, People v Davis, supra, p 174).

The defendant's other contentions are without merit. Niehoff, J. P., Rubin, Eiber and Kooper, JJ., concur.