■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS X. SMITH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Thorp, J.), rendered September 9, 1987, convicting him of perjury in the first degree (five counts) and criminal contempt in the first degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of criminal contempt in the first degree under the seventh count of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed, and the case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

The defendant, the former Administrative Judge of the Eleventh Judicial District, was convicted of charges of perjury and criminal contempt in connection with his three appear-

ances before a Grand Jury investigating allegations of corruption in the awarding of cable television franchises in Queens County. The defendant was questioned about his offer to assist the principals of Cable Vision Systems Development Corporation (hereinafter Cable Vision) secure such a franchise in Queens. The inquiry focused on a telephone call the defendant allegedly had made to the attorney representing Cable Vision in the spring of 1980 in which he offered to be of some assistance to Cable Vision's application, a meeting in June of that year with the Cable Vision representatives at the Piping Rock Country Club, a meeting at Borough Hall in late January 1981 with John Zaccaro and then Borough President Donald Manes, a dinner at the Columbus Club on or about February 11, 1981, with Zaccaro and the Cable Vision principals and another meeting with Manes in August of 1981. After determining that the defendant's responses were false or contumacious, the Grand Jury indicted him on five counts of perjury in the first degree and three counts of criminal contempt in the first degree.

The defendant maintains that the evidence was insufficient to support his conviction of the crimes charged and that he was the victim of a perjury and contempt trap. With regard to the defendant's conviction of five counts of perjury, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The false testimony of the defendant was material to the Grand Jury investigation since it tended to impede, influence and dissuade the Grand Jury from achieving its objective of investigating the awarding of cable television franchises *(see,* Penal Law § 210.15; *People v Davis,* 53 NY2d 164; *People v Stanard,* 42 NY2d 74; *People v Visintin,* 122 AD2d 179). The falsity of the defendant's testimony was sufficiently corroborated by the testimony of the principals of Cable Vision at the trial *(see,* Penal Law § 210.50; *People v Stanard, supra; People v Visintin, supra).*

We further find that the evidence was sufficient to support the defendant's conviction for criminal contempt in the first degree under the sixth and eighth counts of the indictment (Penal Law § 215.51). However, the seventh count must be dismissed since the evidence fails to support a finding that in the face of extensive questioning, the defendant's inability to

recall was so evasive or falsely equivocal as to amount to no answer at all *(see, People v Schenkman,* 46 NY2d· 232).

We reject the defendant's contention that he was the victim of a perjury and contempt trap set by the Special Prosecutor. The questions posed to the defendant were pertinent to the substance of the Grand Jury investigation and the prosecutor provided the defendant with ample cues to stimulate his recollection *(People v Schenkman, supra; People v Pomerantz,* 46 NY2d 240; *cf., People v Tyler,* 46 NY2d 251). A review of the record fails to substantiate the defendant's claim that the prosecutor was preoccupied with trapping him *(cf., People v Tyler, supra.)*

The sentencing court's imposition of a one-year term of imprisonment did not constitute an improvident exercise of discretion *(see, People v Farrar,* 52 NY2d 302; *People v Suitte,* 90 AD2d 80). The defendant, a Judge and former Assistant District Attorney, was well acquainted with the functions of the Grand Jury and of the necessity for witnesses who appear before such tribunals to be candid and truthful. The jury, by convicting the defendant of perjury and contempt, determined that he abused the legal system he had sworn to serve.

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.