OPINION OF THE COURT
Chief Judge Cooke.
Involved on this appeal are questions concerning the power of a sentencing court to exercise its own discretion independent of a plea agreement and to impose a sentence less than that negotiated at the time of the plea.
Defendant was indicted for both felony and intentional murder, attempted murder, robbery, burglary and criminal possession of a weapon. These charges arose out of her participation in a robbery that ended with the death of a nonparticipant. Following negotiations, defendant pleaded guilty to first degree manslaughter in full satisfaction of the indictment. At the time of plea, the court recounted the agreement reached: defendant was to be sentenced to a term of 8% to 25 years unless she was adjudicated a second felony offender, in which case she would receive a sentence of 12y2 to 25 years. The court, prosecutor, defendant and her counsel all acknowledged the agreement and the court accepted the plea to the lesser offense. Defendant was later found to be a predicate felon. At sentencing, the prosecutor argued for imposition of the 12%- to 25-year sentence as agreed upon earlier. Defense counsel in turn urged the court to exercise its sentencing discretion independent of the prosecutor’s demand and, pointing to the 8% minimum proposed *305 for other defendants, requested that defendant be sentenced as a predicate felon to a 10- to 20-year term. The Judge noted that he was troubled by the sentence proposed by the prosecutor and agreed with defense counsel that a 10- to 20-year term was more appropriate, given the lesser sentences to be meted out to the coparticipants. Nonetheless, the court considered itself bound by the original sentence agreement, stating that “after a negotiated plea has been entered and after an indication that the Court would go along with the plea * * * I feel morally and professionally bound to follow that negotiated plea.” Defendant, declining the offer to permit withdrawal of her plea, was sentenced to a 12%- to 25-year term of imprisonment.
The Appellate Division, relying on People v Maldonado (70 AD2d 308), ruled that the Judge’s failure to exercise discretion at sentencing was error, vacated the sentence and remitted the case to Supreme Court “to permit the sentencing Justice to impose the sentence that he deems to be right within the statutory limits, with due regard to the plea negotiations, but without deeming himself bound not to impose a lesser sentence than that originally agreed upon.” Leave to appeal to this court was granted to the People. We now modify only to the extent of directing that the People be given the opportunity to withdraw consent to the plea in the event a lesser sentence is to be imposed, but otherwise affirm.
Rejected at the outset is the proposition that the court, by its purported commitment to the prosecutor at the time of the plea, can be bound to impose a particular sentence. Such an approach fails to recognize the underlying principle applicable to all these situations — that the sentencing decision is a matter committed to the exercise of the court’s discretion and that it can be made only after careful consideration of all facts available at the time of sentencing.
The determination of an appropriate sentence requires the exercise of discretion after due consideration given to, among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction, i.e., societal protection, rehabilitation and deterrence (see People v McConnell, 49 *306 NY2d 340, 346; Penal Law, § 1.05, subd 5). The law and strong public policy of this State mandate that the court, detached from outside pressures often brought to bear on the prosecution and defense, make that determination. Quite simply, the court must perform the delicate balancing necessary to accommodate the public and private interests represented in the criminal process.
Contrary to the People’s argument, the court cannot be deemed to have finally exercised its discretion at the time that the plea, with the proposed sentence, is accepted. While the court legitimately may indicate that a proposed sentence is fair and acceptable, the necessary exercise of discretion cannot be fixed immutably at the time of the plea, for the decision requires information that may be unavailable then. Indeed such a view of the plea bargaining process and sentencing function was expressly disapproved in People v Selikoff (35 NY2d 227). The court there made clear that the sentencing function- rests primarily with the Judge, whose ultimate obligation is to impose an appropriate sentence and who must exercise his or her responsibility at the time of sentencing in the light of information obtained from the presentence report or other source (id., at pp 238-240). Any other rule would negate the distinctions between the court’s role in sentencing and accepting a plea and ignore the procedures designed to ensure that an appropriate sanction be imposed. Thus, a sentence negotiated prior to the plea, and in most cases prior to receipt of a presentence report, does not automatically become the sentence of the court. Just as the court must be free to impose a more severe sentence when warranted, the plea and sentence process must leave the court leeway to consider a lesser penalty when the facts and justice so require. No less can be accepted if the integrity of the criminal justice system is to be maintained.
This is not to say that negotiations concerning the particular sentence to be imposed are inappropriate. Indeed, it would be to ignore reality to deny that an integral part of the plea bargaining process is the negotiated sentence (see People v Pena, 50 NY2d 400, 412). In considering whether to permit a defendant to plead to a lesser offense, the pros *307 ecutor legitimately may consider and negotiate a penalty that he or she deems necessary to serve the interests of the People. Postindictment investigation may well convince the prosecutor that, notwithstanding a defendant’s criminal liability for the crime charged, the harsh minimum penalty on the greater offense is unwarranted in light of the then known background of the defendant or his or her role in the crime. The prosecutor, however, may consider the lower levels of the sentence range for the lesser offense similarly unacceptable as permitting the imposition of a too lenient penalty. A negotiated sentence permits a compromise that may well satisfy the law enforcement demands of the office and the ends of justice. Thus, the “sentence bargain” is a legitimate part of the plea bargaining process.
The propriety of sentence bargaining notwithstanding, neither the prosecutor nor the court may ignore that the ultimate determination of an appropriate sentence is to be made by the court. A review of the sentencing minutes in this case reveals that the Judge declined to exercise his discretion at sentencing. While stating his disagreement with a 123/2- to 25-year sentence for this defendant, the Judge nonetheless imposed that penalty under the view that he was bound by the prior commitment to the prosecutor. This failure to exercise discretion at sentencing was error. The Appellate Division thus properly remitted the case to Supreme Court for resentencing.
The Appellate Division, however, failed to recognize the prosecutor’s right to withdraw consent to the plea in the event that the sentence to be imposed is less than originally negotiated by the parties. The legislative policy of this State is to require the consent of the court and prosecutor to a plea to a lesser included offense or to less than the entire indictment (see CPL 220.10, subds 3, 4). Such a joint consent procedure prevents abuse (see People v Selikoff, 35 NY2d 227, 241, supra) and recognizes the prosecutor’s independent role and interest concerning the course the prosecution will take. Where the record shows that the prosecutor’s consent to a plea is premised on a negotiated sentence and a lesser sentence is later deemed more appropriate, the People should be given the opportunity to withdraw their *308 consent.* However justified the court’s unwillingness to impose the negotiated sentence, fairness dictates that this avenue be left open. Of course, this is not to say that the People’s application must be granted in all cases, for, among other things, prejudice to a defendant following a plea may prevent restoration to status quo ante and render vacatur of the plea inappropriate (see People v McConnell, 49 NY2d 340, supra). Absent defendant’s showing of such prejudice or other circumstances militating against vacatur, however, relief to the People would be proper.
In sum, a court must exercise its discretion at sentencing, notwithstanding that a sentence was negotiated at the time of the plea, and must be free to impose a lesser penalty if warranted. The court, however, should entertain an application by the People to withdraw consent to the plea if a sanction less severe than that negotiated is to be imposed.
Accordingly, the order of the Appellate Division should be modified in accordance with this opinion and, as so modified, affirmed.
Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order modified, etc.

 This would merely be the counterpart of defendant’s right to withdraw the plea in the event the court, in the exercise of its discretion, determines that the sentence agreed upon is inappropriate and indicates an intention to increase the severity of the punishment.