OPINION OF THE COURT
Seymour Rotker, J.
FINDING OF FACT
The defendant was arrested on October 2, 1980 and arraigned on that date, charged with the felonies of forgery and criminal possession of a forged instrument and the misdemeanors of criminal possession of stolen property and petit larceny. It was alleged that on September 28, 1979, defendant offered a check in the sum of $167.27 with a forged indorsement for cash at a bank. The felony charges were reduced to misdemeanors on April 28, 1980, at which time a plea was taken in the Criminal Court. Sentence was set for July 3,1980. Probation was ordered to prepare a report. Indorsed on the court papers of the plea taken, the Judge noted the following: “Promise probation if probation report is satisfactory, otherwise permit withdrawal plea.”
*801 The defendant never visited Probation Department for interview, nor did she appear for sentence. A warrant was issued for her arrest on July 3, 1980. The defendant next returned to this court on November 10, 1981, after having been arrested on another charge. A probation report was completed and returned to this court on November 25, 1981. The probation report indicates that commencing with the instant offense (the case pending before this court) the defendant had a total of 10 arrests.*
The defendant now seeks enforcement of the promise made, to wit, probation or permitting the defendant to withdraw her plea if the court will not order a noncustodial sentence.
The probation report further avers that because of the defendant’s extensive history since the plea taken in this case, probation would be inappropriate.
The issue is whether defendant’s failure to report to the Department of Probation for investigation and failure to appear for sentence 16 months ago in court as required attenuates the original promise made and allows the court to impose a sentence of incarceration.
CONCLUSIONS OF LAW
The plea-bargaining process requires a delicate balancing of the interests of the State and society with the rights of the defendant, whose liberty may well be at stake. Basic to the process is the notion that the sentencing Judge must exercise his discretion in meting out a fair and appropriate sentence. (People v McConnell, 49 NY2d 340.) The court is not unmindful of the necessity of plea bargaining and the public policy considerations enunciated time and again by the highest court in this State and country that a promise made by the State must be kept. (Santobello v New York, 404 US 257; People v Esposito, 32 NY2d 921.) We know, however, that contract law rules are not to be applied to the plea process and any sentence promise is conditioned upon its being lawful and appropriate in light of the *802 presentence report and any other relevant factors. (People v Selikoff, 35 NY2d 227, 238.) A sentence negotiated prior to the plea, without the aid of any relevant data concerning the defendant’s history, will not automatically become the sentence of the court and the court must be free to impose a more severe or less severe penalty when necessary. (People v Farrar, 52 NY2d 302.) In most instances when a guilty plea has been induced by an unfulfilled promise, either the plea must be vacated or the promise honored. (People v Frederick, 45 NY2d 520.) This is to insure that if the promise cannot be kept, the defendant be returned to the status quo ante.
The defendant before the court in this matter has shown a complete disdain for the judicial process. She failed to visit-probation, never appeared for sentencing, and has been rearrested eight times in the interim period. Implicit in the court’s promise of probation was that the defendant would cooperate to the extent of visiting probation so that a report could be prepared. In view of the defendant’s subsequent actions, the promise of probation need not be honored by the court. Specific performance of a promise is available where the defendant co-operates or takes positive steps to fulfill her part of the bargáin. (See People v McConnell, 49 NY2d 340.) This defendant’s failure to do so obviated that promise.
Nor must the defendant be permitted to withdraw her plea and stand trial on the original charge. This case is now more than two years old and the plea was entered some 20 months ago. The lapse of time alone has severely prejudiced the ability of the People to prosecute this case. The District Attorney has been unable to find a necessary witness to this case and thus, return to the status quo ante might well mean that the People could not go forward with the prosecution of this matter. For this reason, withdrawal of the plea is not an available remedy as it places the defendant in a position better than before the entry of the plea.
The rights of a criminal defendant must be protected. However, as this case illustrates, one should not be able to profit from her own wrongdoing. Such was not the intent of the public policy considerations as enunciated by our *803 courts as regards to the enforcement of promises. Accordingly, the defendant is sentenced to a term of 90 days.

 Though the issue was never raised in the defendant’s argument before this court, it is almost incomprehensible that the warrant in this case was never lodged against the defendant in any of the subsequent arrests. The defendant, while incarcerated for any of the subsequent arrests could have been given credit for any jail sentence that might have been imposed had she received probation on July 3, 1980 and thereafter been violated as a result of the new convictions. (See People v Healy, 76 AD2d 868.)