■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDY CARPINO, Appellant. — Judgment, Supreme Court, New York County (Irving Lang, J.), rendered June 26, 1981 convicting defendant upon his pleas of guilty of two counts of criminal sale of a controlled substance in the second degree (Penal Law, § 220.41) and one count of conspiracy in the second degree (Penal Law, § 105.15) and sentencing him to indeterminate terms of from five years to life on the two counts of criminal sale of a controlled substance in the second degree, and a term of two to six years on the one count of conspiracy, the sentences to run concurrently, unanimously modified, on the law, to the extent of reversing and vacating the sentences and remanding the action to the Supreme Court for resentencing in the light of *People v Farrar* (52 NY2d 302), and the judgment is otherwise affirmed. At the time the defendant's plea of guilty was accepted, it was agreed that the maximum sentence on the criminal sale counts would be five years to life, as offered by the District Attorney. Although he accepted the plea on these terms, the sentencing Judge stated at the time of the plea, "I have indicated to your attorney that based upon the circumstances of the plea offer by the district attorney, I was going to impose a sentence of 5 to life, but that I was going to make a recommendation that, after review, for a lesser sentence by the Appellate Division. Has that been told to you?" At the time of sentencing the Judge stated: "I have indicated for some time that it is my belief that an appropriate sentence would be 3 to life. That is still my belief." The court went on to explain his reasons for the belief that an appropriate sentence would be three years to life and concluded as follows: "It seems to me that the ends of justice would clearly be served by the imposition of the minimum sentence of 3 to life. I would urge counsel to bring my views to a reviewing court. I will, of course, include the probation report as part of the record, because, in my view, the just sentence would be 3 to life." It is plain that the sentencing Judge did not exercise his discretion in accepting the plea and imposing sentence but rather conformed to the terms exacted by the District Attorney as a condition for consenting to the acceptance of the plea. "The determination of an appropriate sentence requires the exercise of discretion after due consideration given to, among other things, the crime charged, the particular circumstances of the individual before the court and the purpose

of a penal sanction, i.e., societal protection, rehabilitation and deterrence" (*People v Farrar,* 52 NY2d 302, 305, *supra*). Although the Judge at all times indicated he thought the sentence he was asked to impose was inappropriate he nonetheless imposed just that sentence. There was never invoked the necessary exercise of discretion. The sentencing function rests with the sentencing Judge. The ultimate obligation is to impose a sentence the Judge deems appropriate within the statutory limits and to exercise his or her responsibility in the light of all the facts including information obtained from the presentence report or other source (*People v Farrar, supra; People v Selikoff,* 35 NY2d 227). As made clear in both of these cases, any other rule would destroy the vital and essential distinctions between the role of the prosecution and that of the court in sentencing. However appropriate the negotiations concerning a particular sentence, in the end the responsibility and the duty are that of the sentencing Judge, not to be surrendered to the prosecution or to be passed to an appellate court on review. Since the legislative policy of this State is to require the consent of the plea-taking Judge and prosecutor to a plea to a lesser included offense or to less than the entire indictment (CPL 220.10, subds 3, 4; *People v Selikoff,* 35 NY2d 227, 241, *supra*), the People should be afforded an opportunity to withdraw their consent. Where the Judge deems the sentence required by the prosecutor to be inappropriate, it is the responsibility of the Judge to decline to accept the plea on those terms. The court is obligated to exercise its discretion both at the time of the plea and at the time of sentence and not to yield that responsibility. In vacating the sentence and remanding for the purpose of resentencing, we express no opinion as to whether the sentence actually imposed was appropriate under the circumstances. Concur — Sandler, J. P., Sullivan, Silverman, Fein and Milonas, JJ.