■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS PABELLON, Appellant. — Judgment of the Supreme Court, Bronx County (Lawrence Bernstein, J.), rendered October 28, 1983, convicting defendant, upon his plea of guilty, of manslaughter in the first degree and sentencing him to an indeterminate term of 12½ to 25 years' incarceration, is modified, on the law, to the extent of reversing and vacating the sentence and remanding the matter for resentencing, and otherwise affirmed.

The Penal Law authorizes the imposition of a minimum sentence of imprisonment which is one half of the maximum where the defendant is convicted of a class B armed felony offense or where the defendant is a predicate felon. (Penal Law § 70.02 [4]; § 70.04 [4]; § 70.06 [4].) As the People concede, manslaughter in the first degree is not an armed felony offense within the purview of CPL 1.20 (41), and defendant has not been proven to be a predicate felon. Consequently, the court was not warranted in sentencing defendant to a term of imprisonment of 12½ to 25 years, and the defendant is entitled to be resentenced. At that time, the People will have an opportunity to file a predicate felony statement, which the defendant may choose to challenge. We do not reach the question of whether the People may withdraw their consent to defendant's plea under *People v Farrar* (52 NY2d 302) in the event that defendant is not adjudicated a predicate felon. Consideration of that issue is premature at this time. Concur — Carro, J. P., Asch, Fein and Milonas, JJ.

■ MERYL BARROW, Respondent, v KAYE SADLER, Appellant. — Judgment, Supreme Court, Bronx County (Callahan, J.), entered on December 16, 1983, unanimously reversed, on the law and the facts, without costs and without disbursements, and a new trial ordered on the issue of damages only, unless plaintiff, within 20 days after service upon her attorney of a copy of the order to be entered herein, with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the judgment in her favor to $200,000 and to the entry of an amended judgment in accordance therewith. If plaintiff so stipulates, the judgment, as so amended and reduced, is affirmed, without costs and without disbursements.

Upon our review of the record, the damages appear to us to be excessive to the extent indicated.

The appeal from the denial of the motion to set aside the partial judgment after trial is dismissed, without costs, as subsumed in the appeal from the aforesaid judgment. Concur — Sandler, J. P., Bloom, Fein and Milonas, JJ.