OPINION OF THE COURT
Carol Berkman, J.
Petitioner has brought a writ of habeas corpus alleging that he is being illegally detained at the Spofford Juvenile Center as a result of Family Court Judge Sara Schechter’s reconver *232 sion of a person in need of supervision (PINS) petition to a juvenile delinquency petition and her subsequent remand of petitioner. Petitioner contends that Judge Schechter had no power to reconvert the proceedings. The parties agree that they are unable to find any reported precedent on this point.
On August 13, 1986, a petition was filed in the Family Court alleging petitioner to be a juvenile delinquent. On November 6, 1986, petitioner made an admission to an act which, if committed by an adult, would constitute criminal tampering in the second degree. At that time, upon motion of the petitioner, and with the consent of the Corporation Counsel, the court, pursuant to Family Court Act § 311.4, substituted a petition alleging that petitioner is a person in need of supervision for the petition alleging him to be a juvenile delinquent. Petitioner was remanded for evaluation to the Commissioner of Social Services from whose custody he later absconded. A warrant was issued for petitioner’s arrest. Upon his return on the warrant, the court over petitioner’s objection converted the PINS petition back to a delinquency petition. Petitioner was then remanded to the custody of the Commissioner of Juvenile Justice.
Family Court Act § 311.4 (1) specifically provides for the substitution of a PINS petition for a juvenile delinquency petition. The practice commentary to section 311.4 clearly suggests that the statute is dispositionally oriented. Substitution enables a court to maintain flexibility in determining the most appropriate dispositional order. (See, Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 311.4, p 343.)
Here, prior to the dispositional hearing and apparently for dispositional purposes, the court substituted a PINS petition for the delinquency petition. This substitution neither constituted an adjudication nor a final order of disposition. Based on petitioner’s conduct subsequent to the substitution (absconding from the custody of the Commissioner of Social Services), the court reasonably determined that the unrestrictive disposition available on a PINS petition would not be sufficient to control his behavior and reinstated the delinquency petition.
Under such circumstances, even in the absence of a specific statutory provision, a court, by necessity, retains the power to vacate the substitution and restore the petitioner to his original status. A court must not be forced to adhere to a decision which it has discovered to be an improvident one.
*233 The situation is analogous to when an adult defendant enters a plea of guilty and the pleading court promises a specific sentence. It is well settled that "any sentence 'promise’ at the time of plea is, as a matter of law and strong public policy, conditioned upon its being lawful and appropriate in light of the subsequent presentence report or information obtained from other reliable sources.” (People v Selikoff, 35 NY2d 227, 238.)
Accordingly, where later learned facts render the promised sentence improvident, a court (except in limited circumstances not applicable here) is not bound to impose it. In such a case the defendant is entitled to withdraw his plea of guilty. (People v Selikoff, supra; see also, People v McConnell, 49 NY2d 340.)
"Thus, a sentence negotiated prior to the plea, and in most cases prior to receipt of a presentence report, does not automatically become the sentence of the court. Just as the court must be free to impose a more severe sentence when warranted, the plea and sentence process must leave the court leeway to consider a lesser penalty when the facts and justice so require. No less can be accepted if the integrity of the criminal justice system is to be maintained.” (People v Farrar, 52 NY2d 302, 306.)
The same principles are applicable here. Reconversion thus must be permitted where there has been no adjudication or order of disposition. To hold otherwise would improperly bind the court to remedies which may be inadequate to serve the needs of the child and society and thereby undermine the very purpose of the statute.
The reconversion of the substituted PINS petition to a juvenile delinquency petition in this case was a proper exercise of the court’s discretion and inherent power. Accordingly, the writ of habeas corpus is denied.