S. John Campanie, Esq. County Attorney, Madison
You have asked whether a probation officer may be employed by a county to assist the district attorney in carrying out the responsibilities of the office of coroner.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
A coroner has jurisdiction and authority to investigate every death within his territorial jurisdiction which is or appears to be:
 "(a) A violent death whether by criminal violence or casualty;
 (b) A death caused by unlawful act or criminal neglect;
 (c) A death occurring in a suspicious, unusual or unexplained manner;
(d) A death caused by suspected criminal abortion;
 (e) A death while unattended by a physician . . . or where no physician [is] able to certify the cause of death . . .;
 (f) A death of a person confined in a public institution other than a hospital, infirmary or nursing home" (County Law, § 673[1]).
Furthermore, when a coroner is informed of the occurrence of a death within his jurisdiction, he is required to "go at once to the place where the body is and take charge of it" (County Law, § 674[1]). In 1982, the powers and responsibilities of the coroner in Madison County were assumed by the Madison County district attorney (County Law, §400[3-b]; L 1982, ch 759). The office is now seeking to appoint an individual to assist the district attorney in carrying out its coroner duties, and you have asked whether a county probation officer may fill the position.
In addition to supervising persons who are on probation (Executive Law, § 257[4]), probation officers also perform investigations and prepare reports in accordance with the pre-sentence procedures of the Criminal Procedure Law (CPL, §§ 390.10-390.60). Criminal Procedure Law, §390.20 requires the sentencing court to order a pre-sentence investigation and report following any felony conviction (and under certain circumstances involving misdemeanor convictions). The purpose of the investigation and report is to provide relevant information to the court in order to assist it in imposing sentence (CPL, § 390.30; 9 NYCRR § 350.2).* The report is advisory only and has no binding effect on the judge (People v Farrar, 52 N.Y.2d 302, 306 [1981]).
The prosecutor and the defendant are also entitled to submit pre-sentence memorandum with their views as to an appropriate sentence (CPL, §390.40). As parties to the criminal action, these submissions are, by their very nature, adversarial in nature. The probation officer's pre-sentence report and recommendation is independent of the submission of the prosecutor and defendant. The Division of Probation regulations emphasize the role of the probation officer as a disinterested third party:
 "Investigations and reports generally. Investigative reporting by probation officers shall be impartial, fair, objective and based upon factual information. Such reporting shall be analytical and at all times shall be relevant to the primary purpose of the report. Relevant information obtained by personal observation shall be reported as such" (9 NYCRR § 350.4).
We believe that the probation officer's duty to objectively and impartially prepare pre-sentence reports is compromised when he is also employed by the district attorney's office. The potential for favoritism on the probation officer's part, or influence on the district attorney's part, makes the positions incompatible. Furthermore, in our view the potential for conflict creates an appearance of impropriety. Even the appearance of impropriety must be avoided to maintain public confidence in the integrity of government.
We conclude that a probation officer may not be employed by the Madison County District Attorney's Office to carry out the duties of coroner.
* This section provides, inter alia:
 "The investigation. The pre-sentence investigation consists of the gathering of information with respect to the circumstances attending the commission of the offense, the defendant's history of delinquency or criminality, and the defendant's social history, employment history, family situation, economic status, education, and personal habits. Such investigation may also include any other matter which the agency conducting the investigation deems relevant to the question of sentence, and must include any matter the court directs to be included" (CPL, § 390.30[1]).