■ The People of the State of New York, Respondent, v Eric Knox, Appellant.—Judgment of the Supreme Court, New York County (Juanita Bing Newton, J.), rendered September 21, 1987, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39) and sentencing him to a term of 3 to 9 years' imprisonment, is unanimously affirmed.

Although it was error for the Trial Assistant, on summation, to bolster the credibility of the undercover officer by stating "[w]ell, that is to say Officer Harris is not worthy of your belief and I submit to you does that make sense * * * that a police officer is going to get on the stand [and] risk perjuring himself under oath?", it was a brief, isolated comment within a summation that never moved the focus away from the agency defense to the credibility of the police officer *(see, People v Clark,* 120 AD2d 542). Moreover, there was no objection and, therefore, the issue is not preserved for appellate review.

The People's comment that if the police officer was going to fabricate what happened, he could have done a better job, was in response to defendant's summation and did not constitute a personal vouching of the police officer's credibility *(People v Colonna,* 135 AD2d 724).

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in

sentence *(People v Farrar,* 52 NY2d 302, 305). Concur—Murphy, P. J., Asch, Kassal and Rosenberger, JJ.