■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v UDO WILKENS, Appellant.—Judgment, Supreme Court, New York County (Allen Alpert, J.), rendered June 30, 1988, convicting defendant of assault in the first degree and sentencing defendant to an indeterminate term of from 2⅓ to 7 years' imprisonment, is unanimously affirmed.

We have examined the record, and find defendant's claims of ineffective assistance of counsel to be without merit. Defendant's argument that the charge to the jury on justification was inadequate is unpreserved for review as a matter of law, and we decline to address it. If we were to reach this issue in the interests of justice, we would affirm, finding no reasonable view of the evidence which would warrant a charge that defendant used deadly physical force to terminate the commission of a burglary or a robbery. The events here were the result of a dispute between two homosexuals who had been lovers, and it was the defendant's testimony that he was armed with a knife in order to protect himself from violence on the part of the complainant. In any event, by defendant's own admission, he had already told the complainant that he did not desire any of his property to be returned.

Nor do we find any error in cross-examination of the defendant concerning his past usage of narcotics. The testimony was permitted only to negate the defendant's contention that he distrusted the complainant because the complainant was a

drug abuser; clearly, the legitimacy of defendant's contention in this regard would have been cast into doubt had defendant himself admittedly been a drug abuser. In any event, we do not believe that defendant's admission that he used cocaine on one occasion would have prejudiced the jury, especially since the prosecutor in summation stated that drug usage in this case was a "nonissue", and made no mention of the testimony alleged to have been improperly received into evidence.

We are also unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.) Concur —Sullivan, J. P., Ross, Carro, Milonas and Ellerin, JJ.