■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS CARLOS CASTANO, Appellant.—Judgment of the Supreme Court, New York County (Edward McLaughlin, J.), rendered on January 29, 1988, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the second degree and sentencing him to an indeterminate term of imprisonment of from 8⅓ years to life, is unanimously affirmed.

Defendant herein was sentenced in accordance with the

terms of the plea agreement. In response to his request for a favorable recommendation to the Parole Board, the court advised him that, while he was incarcerated, he write an annual letter at Christmas time to a newspaper in his hometown of Medellin, Colombia, detailing his life in prison and generally describing his remorse. In that regard, the Judge stated that his communication to the Parole Board would be affected by defendant's compliance with the court's suggestion. However, notwithstanding defendant's contention on appeal that the court violated his constitutional rights by imposing a letter-writing "requirement", the fact remains that his sentence is in no way contingent upon his writing any letters. Defendant was certainly not obligated to follow the court's proposal nor was he entitled to obtain a recommendation, good or otherwise, from the Judge for the consideration of the Parole Board. Indeed, the court's decision to communicate with the Parole Board is entirely discretionary, as is the Parole Board's action in releasing prisoners (see, Matter of Briguglio v New York State Bd. of Parole, 24 NY2d 21, 29). Accordingly, the court was authorized in conditioning its favorable recommendation upon defendant writing letters home. Moreover, we are unpersuaded that defendant's sentence was unduly harsh or severe (see, People v Farrar, 52 NY2d 302). Concur—Kupferman, J. P., Milonas, Ellerin, Wallach and Rubin, JJ.