**3** THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN BARNES, Also Known as KHALIL S. KHAIR, Appellant. —Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered January 4, 1988, convicting defendant, after a jury trial, of Murder in the Second Degree and sentencing him to an indeterminate prison term of from 20 years to life, unanimously affirmed.

On December 5, 1986, Edith Lawrence, defendant's neighbor, watched defendant repeatedly abuse his girlfriend, Mary Charlton, while accusing her of sleeping with another man. Defendant beat her, strangled her with a wire hanger, hit her face and forced alcohol down her throat. The following morning, defendant knocked on Ms. Lawrence's door and said "I think Mary is dead." At Lawrence's urging, defendant informed the police that Charlton was dead and that he was responsible. Police officers discovered Charlton's swollen, bruised, and bloodied body in bed under a sheet.

At the precinct, defendant stated that he and Charlton had been drinking, that they had gotten into a fight, and that he had struck her a few times, and that she cracked her head on a table. He left the apartment while she was unconscious. When he returned he cleaned her up, put her to bed, had sex with her during the night and awoke to find her dead.

An autopsy report revealed that Charlton had died as a result of skull fractures. She had also suffered acute facial injuries from blows to her face, bruises to her lower neck, and hemorrhages around her bladder and chest.

Defendant challenges the sufficiency of the evidence. A review of the evidence in the light most favorable to the People, and in light of the fact that the jury's determination of credibility issues is entitled to great deference unless clearly contradicted by the evidence *(People v Patterson,* 155 AD2d 363), demonstrates that the prosecution proved that defendant, under circumstances that displayed a "depraved indifference" to Charlton's life, recklessly engaged in conduct that created a "grave risk" of death to Charlton, and that he in fact caused her death. (Penal Law § 125.25 [2].) While defendant raises several inconsistencies in the evidence, these inconsistencies were both minor and collateral and there is no reason to question the jury's resolution of them.

Defendant also raises several issues regarding the prosecutor's summation. These issues are unpreserved for appellate review (CPL 470.05 [2]) and we thus do not address them. However, were we to address them in the interest of justice,

we would nonetheless find them to be meritless. The prosecutor's summation was a fair comment on the evidence *(People v Ashwal,* 39 NY2d 105, 109), was in large part directly responsive to the defense arguments *(People v Marks,* 6 NY2d 67, *cert denied* 362 US 912). There was no abuse of discretion warranting a reduction in defendant's sentence. *(People v Farrar,* 52 NY2d 302, 305.)

We have considered all other claims and find them to be meritless. Concur—Murphy, P. J., Milonas, Ross and Asch, JJ.