■ The People of the State of New York, Respondent, v Mark Wynn, Appellant.—Reargument and clarification granted to extent of recalling an vacating this Court's unpublished decision and order entered on June 25, 1991 and substituting therefor a new decision and order, decided simultaneously herewith. Judgment of resentence, Supreme Court, New York County (George Roberts, J.) rendered on January 31, 1991, which, upon defendant's plea of guilty to the charge of violation of probation, resentenced defendant as a youthful offender to a term of one to three years imprisonment upon his prior conviction in Suffolk County, for criminal possession of stolen property in the third degree, rendered on April 17, 1989, unanimously affirmed. The case is remitted to Supreme

Court, New York County for further proceedings pursuant to CPL 460.50 (5).

Upon his conviction in Suffolk County on April 17, 1989 for the crime of criminal possession of stolen property in the third degree, defendant was adjudicated a youthful offender and sentenced to five years probation. Defendant violated his probation by leaving New York for California where, on April 9, 1990, he was sentenced in the Los Angeles County Superior Court, West Branch (Perez, J.) to a five year term of imprisonment upon his conviction for the crimes of Grand Theft and Forgery. Defendant returned to New York in the summer of 1990 when his probation by the California authorities was transferred to New York where, on August 29, 1990, he was arraigned on the present violation of probation charge. On September 4, 1990, defendant was released on his own recognizance and directed to report to the probation department. After several adjournments, a hearing was held on January 9, 1991 to assess defendant's progress in respect to possible probation. The record indicates that defendant failed to meet even the most minimal of the demands required of him so as to avoid the imposition of a sentence of incarceration.

We are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction," we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.) We further note that on March 25, 1991, while on bail pending appeal, defendant was arrested for substantially the same crimes previously committed in Suffolk County and Los Angeles. On May 6, 1991, bail was revoked and defendant has since failed to appear and is presently the subject of an arrest warrant issued by Supreme Court. Concur—Sullivan, J. P., Milonas, Ross, Kassal and Rubin, JJ.