Requestor: James C. Tomasi, Esq., County Attorney Washington County 70 Main Street Salem, New York 12865
Written by: Patrick Barnett-Mulligan, Assistant Attorney General
You have asked whether the positions of probation officer and police officer are compatible.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter.
In addition to supervising persons who are on probation (Executive Law § 257[4]), probation officers also perform investigations and prepare reports in accordance with the pre-sentence procedures of the Criminal Procedure Law. CPL §§ 390.10-390.60. Criminal Procedure Law §390.20 requires the sentencing court to order a pre-sentence investigation and report following any felony conviction (and under certain circumstances involving misdemeanor convictions). The purpose of the investigation and report is to provide relevant information to the court in order to assist it in imposing sentence. CPL §390.30; 9 NYCRR § 350.2.* The report is advisory only and has no binding effect on the judge. People v Farrar, 52 N.Y.2d 302,306 (1981).
The prosecutor and the defendant are also entitled to submit pre-sentence memorandum with their views as to an appropriate sentence. CPL §390.40. As parties to the criminal action, these submissions are, by their very nature, adversarial in nature. The probation officer's pre-sentence report and recommendation is independent of the submission of the prosecutor and defendant. The Division of Probation regulations emphasize the role of the probation officer as a disinterested third party:
 "Investigations and reports generally. Investigative reporting by probation officers shall be impartial, fair, objective and based upon factual information. Such reporting shall be analytical and at all times shall be relevant to the primary purpose of the report. Relevant information obtained by personal observation shall be reported as such." 9 NYCRR § 350.4.
In a 1989 opinion, we found that a probation officer's duty objectively and impartially to prepare pre-sentence reports is compromised when he or she is also employed by the district attorney's office. 1989 Op Atty Gen (Inf) 98. We concluded that the potential for favoritism on the probation officer's part, or influence on the district attorney's part, made the positions incompatible. Ibid. For similar reasons, we conclude that a probation officer should not also serve as a police officer or sheriff's deputy. The potential for such conflict creates an appearance of impropriety. Even the appearance of impropriety must be avoided to maintain public confidence in the integrity of government.
We conclude that the positions of probation officer and police officer are incompatible.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.
* This section provides, inter alia:
"The investigation. The pre-sentence investigation consists of the gathering of information with respect to the circumstances attending the commission of the offense, the defendant's history of delinquency or criminality, and the defendant's social history, employment history, family situation, economic status, education, and personal habits. Such investigation may also include any other matter which the agency conducting the investigation deems relevant to the question of sentence, and must include any matter the court directs to be included." CPL §390.30(1).