■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDY PICA, Appellant.—Judgment of the Supreme Court, Bronx County (Joseph Cerbone, J., at suppression hearing and trial), rendered December 18, 1986, convicting defendant after a jury trial of manslaughter in the first degree and criminal possession of a weapon in the second degree, and sentencing

him to concurrent, indeterminate terms of imprisonment of 8⅓ to 25 years and 5 to 15 years, respectively, unanimously affirmed.

Defendant, who had been arrested in connection with a homicide, was transported by police officers to the 46th precinct where a detective read the *Miranda* warnings to defendant. The detective, who retired shortly after this case, and who had previously interviewed only two homicide suspects, did not record defendant's responses to the warnings or make a record of defendant's statement, in which he acknowledged his understanding of his rights and admitted that he had instructed his brother to shoot the deceased. Later the same day, defendant made a videotaped confession to an Assistant District Attorney.

Contrary to defendant's argument on appeal, we find no basis to disturb the findings of the motion court, which was in the best position to determine credibility *(People v Paige,* 167 AD2d 231, *lv denied* 77 NY2d 881), that the detective's testimony was neither incredible nor improbable *(People v Garafolo,* 44 AD2d 86). Despite the detective's failure to take notes of his interview with defendant, his ability to recall the facts relating to the interrogation at a hearing conducted less than three months later is not contrary to experience or common sense.

We perceive no abuse of discretion warranting a reduction in the sentence imposed by the trial court *(People v Farrar,* 52 NY2d 302). Concur—Carro, J. P., Milonas, Ellerin, Wallach and Ross, JJ.