OPINION OF THE COURT
Ira B. Harkavy, J.
Defendant, Gregory Richards, moves to dismiss indictments *425 Nos. 9424/91 and 2755/92 in the furtherance of justice, pursuant to CPL 210.40 (1).
The defendant is charged under indictment No. 9424/91 with the offense of criminal sale of a controlled substance in the third degree et al., and under indictment No. 2755/92 with the offense of criminal possession of a controlled substance in the third degree et al.
On April 15, 1992 the defendant entered pleas of guilty to each of the above indictments with the court’s promise that in the event (1) the defendant entered, successfully completed and graduated from the "Court Employment Project” sponsored by "CASES” and (2) he cooperated with the Probation Department and its various programs, he was not rearrested, he followed the terms of his release on recognizance and he made all court appearances, the court would "give back” the felony pleas to the defendant and permit bim to substitute in their place and stead, pleas to class A misdemeanors with a promised sentence of three years’ probation to run concurrent with each other.
The court further stated as part of the plea allocution, that in the event the defendant violated the terms, covenants and condition of the plea bargain, the court could and would sentence the defendant to a term of imprisonment in a New York State correctional facility consistent with the maximum time allowable for conviction of a class B felony for a nonpredicate felon, which is up to 8 Vs to 25 years in jail.
The facts show that defendant, Gregory Richards, enrolled and participated in the Court Employment Project for a full period of time from April 15, 1992 through November 12, 1992. He graduated from the program on November 12, 1992. In accordance with the program, he attended the general counselling sessions, and as of September 1, 1992 he enrolled in New York City Technical College, where he is presently in attendance. He further obtained part-time employment as a hair cutter and stylist. To the best of the court’s knowledge, Mr. Richards has not been rearrested or otherwise been involved in criminal activity, and there is every indication that he has fully complied with the mandate of the court.
When the case appeared on the calendar for the purpose of the repleading and sentence, the Assistant District Attorney in charge of the case (who was different from the Assistant District Attorney in charge of the case at the time of the plea) objected to the acceptance by the court of the plea to class A *426 misdemeanors and the sentence of three years’ probation. The District Attorney continues to object to the acceptance of the reduced plea even though the District Attorney’s office accepted the benefit of the terms of the plea bargain and the defendant, Gregory Richards, subjected himself to the extra risk of an exceptionally harsh term in a New York State correctional institution of up to 816 years to 25 years in return for the possibility of entering and completing a recognized alternative to incarceration program that could lead him towards a useful life within the confines of society.
The court notes that these two convictions were defendant’s first convictions; that the defendant is presently 21 years old; that he has graduated from the Court Employment Project; that he is attending college and that he is gainfully employed part time.
CPL 210.40 (1) provides than an indictment or any count of an indictment may be dismissed in furtherance of justice as a matter of judicial discretion by the existence of some compelling factor, consideration, or circumstance clearly demonstrating that conviction or prosecution of the defendant would result in injustice.
Among the factors to be considered in weighing this remedy are (a) the seriousness and circumstances of the offense, (b) the extent of harm caused by the offense, (c) the evidence of guilt, (d) the history, character, and condition of the defendant, (e) any exceptionally serious misconduct of law enforcement, (f) the purpose and effect of imposing upon the defendant the sentence, (g) the impact of dismissal on the courts, (h) the impact of the dismissal on the safety or welfare of the community, and (i) any other relevant facts.
The court has reviewed the above factors and finds as follows:
(a) The seriousness and circumstances of the offense:
Defendant is charged with serious crimes. Both are class B felonies and in both instances the defendant sold or was prepared to sell drugs. The sale of drugs is a crime that continues to destroy communities throughout the world, and especially in Brooklyn. It is the cause of the vastly increased crime of many types within the City of New York. Crack cocaine, which the defendant was selling, is a particularly addictive and destructive drug. The major drug and crime crisis commenced in New York City actually in earnest, in the early 80’s when crack cocaine was introduced into the New York area.
*427 (b) The extent of harm caused by the offense:
The sale of crack cocaine generally has brought the present crime epidemic to the City of New York. Every drug transaction is harmful even though defendant’s sales were like a raindrop in the ocean.
(c) The evidence of guilt:
Based on the uncorroborated statements of the Assistant District Attorney, the People have what appears to be a strong case. Based on the court’s experience, however, there was less than a 50% chance of conviction by a jury, if the Assistant District Attorney could actually produce witnesses in court.
(d) The history, character and condition of the defendant:
The defendant has no prior criminal history. He is 21 years old and presently attending classes at New York City Technical College as well as working part time. Tests of adult basic education performed by the Court Employment Project show a reading level of 12.9 and a mathematical level of 12.9. Further, the Court Employment Project finds that Gregory Richards made progress in its program. He has been responsive to counselling, where he discussed his educational and employment goals with his case manager. He also participated in the Court Employment Project mandatory substance abuse awareness and criminal justice educational groups. Court Employment Project reported that "[B]ecause of Mr. Richards’ very good overall attendance and cooperative attitude for counselling, along with his commitment to his education, we graduated him from our program on November 12, 1992.”
(e) Any exceptionally serious misconduct of law enforcement personnel in the investigation, arrest and prosecution of the defendant:
This factor is not directly applicable in this case. However, the court does have misgivings over the Assistant District Attorney’s attempt to discredit the court by not permitting the court to keep its promise after the defendant kept his part of the plea bargain.
(f) The purpose and effect of imposing upon the defendant a sentence authorized for the offenses:
If convicted of the top counts in both indictments the defendant could be sentenced to 8 Vs to 25 years consecutively on each indictment. On March 2, 1992 the District Attorney offered to accept a plea of three months’ incarceration and five *428 years’ probation. This sentence would cause the defendant to be incarcerated for a minimum period of two months and would most likely prevent him from committing any other offense during the period of incarceration. Based upon the rate of recidivism presently occurring, the defendant would probably return to a life of crime once he left prison. The estimated cost of his first incarceration would be approximately $25,000 and the total of future incarcerations would run into the millions.
It should be noted that "the determination of an appropriate sentence requires the exercise of discretion after due consideration given to, among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of penal sanctions, i.e., societal protection, rehabilitation and deterrence” (People v Farrar, 52 NY2d 302, 305). "While deterrence is an important facet of the rationale behind penal sanction, recent statistics show that many offenders simply are not deterred by their prior experiences with the criminal justice system. In the calendar year 1991 there were 138,760 felony arrests in New York City. Of the total arrests in that year * * * 63.1 percent had one or more prior felony arrests, and 32.3 * * * one or more prior felony convictions (Office of Court Administration, Department of Statistics).” (People v Hipp, NYLJ, Aug. 13, 1992, at 26, col 2 [Sup Ct, Kings County, Gerges, J.].) Given the high incidence of recidivism, it is apparent that incarcerations are not always the answer to the problem of crime. " 'The court must perform the delicate balancing necessary to accomodate [sic] the public and private interests represented in the criminal process’ ”. (Supra.)
In the instant case the alternative to incarceration promised by the court if the defendant successfully completed and graduated from the Court Employment Project would better serve the interest of society than incarceration. Defendant spent more time in the Court Employment Project than he would have spent in prison.
(g) The impact of dismissal upon the court:
The failure of the court to keep its promise to the defendant would damage the credibility of the court as to any future promise made by the court as a part of a plea bargain. As is well known, there are almost 14,000 indictments each year in Brooklyn. With 46 trial parts the court can only try approximately 2,000 cases per year. Without meaningful plea bargaining, the system will collapse.
*429 (h) The impact of a dismissal on the safety or welfare of the community:
Since the crimes charged herein involve the sale of drugs, the impact on the public interest weighs heavily against dismissal. The imposition of the sentence proposed by the court of attending the alternative to incarceration programs, plus three years’ probation, would be in the best interest of the community, especially when weighed against the District Attorney’s offer of three months’ incarceration and five years’ probation.
(i) Any other relevant facts:
The court determined, after many discussions with defense counsel, the Assistant District Attorney then assigned to the case and representatives of the Court Employment Project, that incarceration of Gregory Richards would not serve the ends of justice. The court concluded that a sentence of alternative to incarceration (the Court Employment Project) with three years’ probation based upon the defendant pleading guilty to class A misdemeanors would best serve society. The court believes that this would allow the defendant to rehabilitate himself and at the same time not saddle him with a felony record which would make it extremely difficult for him to obtain gainful employment. As of the date of the defendant’s last appearance in court, approximately eight months after his plea, it appears that defendant has successfully rehabilitated himself and has commenced a new law-abiding life.
There is no question that the court has the discretion to dismiss the instant cases pursuant to CPL 210.40 (1). However, the court will not minimize the serious nature of the crimes committed and therefore does not think that such a remedy is proper. Encompassed within the power to dismiss in the interest of justice are lesser remedies (Matter of Vega v Bell, 47 NY2d 543, 552). In the instant case, the court has carefully considered the statutory criteria and concludes that dismissal of indictments 9424/91 and 2755/92 is not warranted. What is warranted is the sentence promised by the court in accordance with the plea entered into on April 15, 1992 as follows: In the event the defendant successfully completes and graduates from the Court Employment Project, his plea to the class B felonies shall be returned to him on condition that he pleads guilty to a class A misdemeanor in each case (criminal possession of a controlled substance in the seventh degree) and that *430 he be sentenced to three years’ probation on each indictment to run concurrently. In addition, the sentence should provide that if the defendant violates his probation in any respect, that he should be then sentenced to the maximum sentence available for the violation of the probation.
The defendant’s motion to dismiss is denied to the extent provided herein. The court permits the defendant to withdraw his previously entered plea and to replead to two class A misdemeanors in exchange for a sentence of three years’ probation.