THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARYANNE BROWN, Appellant. [666 NYS2d 90] —Judgment unanimously modified as a matter of discretion in the interest of justice and as modified affirmed in accordance with the following Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and sentencing her to a term of incarceration of 8⅓ to 25 years.

Pursuant to the terms of the plea bargain, defendant was to be sentenced to a term of incarceration of 1 to 3 years. Following entry of the plea but before sentencing, County Court granted the application of defendant to be released on her own recognizance for two weeks to resolve various family matters. The court advised defendant that she would receive the maximum possible sentence should she fail to appear in court at the conclusion of the two-week period. Upon her failure to appear, defendant was arrested on a bench warrant.

We reject the contention of defendant that the sentence imposed is unconstitutional (*see, People v Broadie,* 37 NY2d 100, 125, *cert denied* 423 US 950). While an enhanced sentence

is justified based on defendant's failure to appear following the two-week period, we conclude, however, that the sentence is unduly harsh (*see generally, People v Farrar,* 52 NY2d 302, 305-306). We exercise our discretion in the interest of justice to reduce the sentence to a term of incarceration of 2 to 6 years. (Appeal from Judgment of Oneida County Court, Ringrose, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pine, J. P., Hayes, Wisner, Balio and Fallon, JJ.