■ RONALD A. SMITH et al., Respondents, v FAYETTEVILLE-MANLIUS CENTRAL SCHOOL DISTRICT, Appellant. (Appeal No. 2.) [821 NYS2d 521]—Appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered September 15, 2005 in a personal injury action. The order, insofar as appealed from, denied in part defendant's motion for leave to reargue.

It is hereby ordered that said appeal be and the same hereby is unanimously dismissed without costs (*see Empire Ins. Co. v Food City*, 167 AD2d 983, 984 [1990]). Present—Kehoe, J.P., Gorski, Martoche, Smith and Pine, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC BRUDECKI, Appellant. [821 NYS2d 730]—Appeal from a judgment of the Supreme Court, Erie County (Ronald H. Tills, A.J.), rendered May 28, 2004. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]). We reject defendant's contention that Supreme Court failed to exercise its discretion at sentencing in imposing a determinate term of imprisonment of 20 years. The record reflects that, in addition to the negotiated sentence of "no less than 20 years," the court considered the presentence report, the wish of the victim's family for the imposition of the maximum sentence of 25 years, and the fact that defendant's accomplices, both minors, were each sentenced to determinate terms of imprisonment of 10 years. Thus, the record reflects that the court properly exercised its discretion in sentencing defendant "after careful consideration of all facts available" (*People v Farrar*, 52 NY2d 302, 305 [1981]). Also contrary to defendant's contention, the sentence is not unduly harsh or severe.

All concur, Hayes, J., not participating. Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Hayes, JJ.