The People of the State of New York, Respondent,
against
Samuel Colin, Appellant.




Appellate Advocates (Nao Terai, Esq.), for appellant.
District Attorney Richmond County (Morrie I. Kleinbart, Esq.), for respondent.

Appeal by defendant, as limited by his brief, from a sentence of the Criminal Court of the City of New York, Richmond County (Raymond Rodriguez, J.), imposed June 22, 2015, upon his conviction of driving while intoxicated per se, upon his plea of guilty.




ORDERED that the sentence is affirmed.
Defendant, while represented by counsel, pleaded guilty to driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2]). By virtue of his plea, defendant avoided prosecution for other serious offenses, and, notwithstanding a prior conviction of driving while ability impaired (Vehicle and Traffic Law § 1192 [1]), received the bargained-for sentence of three years' probation and the minimum fine. On appeal, defendant seeks a reduction of the term of probation or a sentence of conditional discharge on the ground that three years' probation is unduly harsh or excessive (see CPL 470.15 [6] [b]), or as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]), citing his age and the relative absence of a criminal record.
"As a general rule, a defendant who has been sentenced according to the terms of a bargained-for plea and sentencing agreement will not be heard to complain that the sentence was unduly harsh or excessive (see People v Galvez, 72 AD3d 838 [2010]; People v Caguana, 69 AD3d 953 [2010]; People v Ubiles, 59 AD3d 572 [2009]; People v Grigg, 53 AD3d 629 [2008])" (People v Perez-Vazquez, 55 Misc 3d 135[A], 2017 NY Slip Op 50485[U], *1 [App [*2]Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; People v Bacchus, 52 Misc 3d 140[A], 2016 NY Slip Op 51168[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). Nevertheless, this court retains the authority to modify a bargained-for sentence (see CPL 470.15 [3] [c]; People v Suitte, 90 AD2d 80, 86 [1982]; see also People v Farrar, 52 NY2d 302, 305 [1981]). Here, however, the avoidance of possible conviction and sentencing for numerous other offenses, defendant's blood alcohol content, which was nearly twice the legal limit, the absence of any term of incarceration, and defendant's prior conviction of driving while ability impaired militate against the reduction of defendant's sentence. The record does not establish the presence of mitigating or extraordinary circumstances that would justify the reduction of defendant's sentence of probation from three years to two years, or the imposition of a conditional discharge.
Accordingly, the sentence is affirmed.
ALIOTTA, J.P., PESCE and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 01, 2017