The People of the State of New York, Respondent,
against
Robert Vargas, Appellant.




Appellate Advocates (Anna Kou of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill and Danielle S. Fenn of counsel), for respondent.

Appeal, as limited by the brief, from a sentence of the Criminal Court of the City of New York, Queens County (Elisa S. Koenderman, J.), imposed August 20, 2015, upon defendant's conviction of assault in the third degree, upon his plea of guilty.




ORDERED that the sentence is affirmed.
On January 4, 2015, the People charged defendant, in a felony complaint, with assault in the second degree (Penal Law § 120.05 [9]), strangulation in the second degree (Penal Law § 121.12), and endangering the welfare of a child (Penal Law § 260.10 [1]). Pursuant to a negotiated plea and sentencing agreement, the felony charges were reduced to misdemeanors, defendant pleaded guilty to assault in the third degree (Penal Law § 120.00 [1]) in satisfaction of the accusatory instrument, and he was sentenced to, among other things, three years' probation and to complete a batterer's counseling program. As limited by his brief, defendant contends on appeal that his sentence to three years' probation is excessive.
As a general rule, where a defendant is sentenced according to the terms of a negotiated plea and sentencing agreement, the latter of which is "a legitimate part of the plea bargaining process" (People v Farrar, 52 NY2d 302, 307 [1981]), the defendant will not normally be heard to complain that the sentence is unduly harsh or excessive (see People v Galvez, 72 AD3d 838 [2010]; People v Ubiles, 59 AD3d 572 [2009]; People v Perez, 59 Misc 3d 134[A], 2018 NY [*2]Slip Op 50495[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; People v Bacchus, 52 Misc 3d 140[A], 2016 NY Slip Op 51168[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). Although this court retains the authority, in the interest of justice, to modify a sentence (see CPL 470.15 [6] [b]; People v Delgado, 80 NY2d 780, 783 [1992]; People v Perez-Vazquez, 55 Misc 3d 135[A], 2017 NY Slip Op 50485[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]), defendant did not demonstrate "mitigating or extraordinary circumstances" warranting that relief (see People v Vega, 73 AD3d 1218, 1219 [2010]; People v Onyeukwu, 56 Misc 3d 140[A], 2017 NY Slip Op 51100[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). Defendant's conduct involved a physical assault which resulted in hospital treatment for the victims, and we find a discrepancy between the criminal conduct he represented to the Probation Department and the conduct to which he testified, under oath, in the course of his plea. Under the circumstances presented, the term of probation was appropriate and the mandatory counseling to which defendant was sentenced, if not completed, should continue.
Accordingly, the sentence is affirmed.
ALIOTTA, J.P., PESCE and WESTON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 22, 2018