People v Gonzalez (2020 NY Slip Op 05921)





People v Gonzalez


2020 NY Slip Op 05921


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2016-11187
 (Ind. No. 7058/14)

[*1]The People of the State of New York, respondent,
v
Everton Gonzalez, appellant.


Paul Skip Laisure, New York, NY (Benjamin S. Litman of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Robert Ho on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Danny Chun, J.), imposed October 5, 2016, upon his plea of guilty, on the ground that the sentence was illegal, improper, and excessive.
ORDERED that the sentence is affirmed.
The defendant appeals, as limited by his motion (see 22 NYCRR 670.11[b]), from the sentence. The defendant contends that the Supreme Court misapprehended the scope of its discretionary authority when it imposed the sentence, and that it failed to properly observe the principles of sentencing. The defendant asks this Court to reduce the sentence in the interest of justice or, in the alternative, to vacate the sentence and remit the matter for the imposition of a new sentence.
"The determination of an appropriate sentence requires the exercise of discretion after due consideration given to, among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction, i.e., societal protection, rehabilitation and deterrence" (People v Farrar, 52 NY2d 302, 305). Here, the record does not support the defendant's contention that the Supreme Court misapprehended the scope of its discretionary authority in imposing the negotiated sentence (see generally People v Farrar, 52 NY2d at 305-306), or that it failed to properly observe the principles of sentencing (see People v Gittens, 178 AD3d 1070, 1071). Contrary to the defendant's further contention, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court