People v Samuel (2021 NY Slip Op 00882)





People v Samuel


2021 NY Slip Op 00882


Decided on February 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-06468
2017-06469

[*1]The People of the State of New York, respondent,
v
Anthony Samuel, appellant. (Ind. Nos. 6820/14, 5961/15)


Paul Skip Laisure, New York, NY (Sean H. Murray of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Gamaliel Marrero of counsel; Alastair Allen on the memorandum), for respondent.



DECISION & ORDER
Appeals by the defendant, as limited by his motion, from two sentences of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), both imposed May 10, 2017, under Indictment Nos. 6820/14 and 5961/15, respectively, sentencing him to two concurrent determinate terms of imprisonment of 21 years, to be followed by 5 years of postrelease supervision upon his conviction of robbery in the first degree (two counts) under Indictment No. 6820/14, and to a concurrent determinate term of imprisonment of 21 years, to be followed by 5 years of postrelease supervision upon his conviction of robbery in the first degree under Indictment No. 5961/15, upon his pleas of guilty, on the ground that the sentences were excessive.
ORDERED that the sentences are modified, as a matter of discretion in the interest of justice, by reducing the concurrent determinate terms of imprisonment of 21 years, to be followed by 5 years of postrelease supervision, to concurrent determinate terms of imprisonment of 17 years, to be followed by 5 years of postrelease supervision.
"[T]his Court's plenary authority to review sentences is an important responsibility to assure that sentences in given cases are not 'unduly harsh or severe under the circumstances'" (People v Janvier, 186 AD3d 1247, 1250, quoting People v Delgado, 80 NY2d 780, 783). "The determination of an appropriate sentence requires the exercise of discretion after due consideration given to, among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction, i.e., societal protection, rehabilitation and deterrence" (People v Farrar, 52 NY2d 302, 305). Based upon our review of the relevant circumstances presented in this case, we exercise our discretion in the interest of justice and reduce the sentences to the extent indicated herein (see People v Guzman, 187 AD3d 1046).
DILLON, J.P., CHAMBERS, AUSTIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court