■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

THOMAS DEANGELIS, Also Known as JIM BRADY, Appellant.—Judgment, Supreme Court, New York County (Herman Cahn, J., at jury trial, post-trial hearing and sentence), rendered March 24, 1983, convicting defendant of scheme to defraud in the first degree, conspiracy in the fifth degree, securities fraud, and acting as an unregistered securities salesperson, and sentencing him to a term of imprisonment of 90 days, unanimously affirmed. The matter is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

Evidence at trial was that defendant was employed by Mineral Resources Corp. at a "boiler room" operation set up for the sale, through unsolicited telephone and mail contact, of the so-called "strategic metal" tantalum. Assuming the alias "Jim Brady", defendant solicited purchasers using prepared sales scripts and mailing materials containing patently fraudulent representations regarding the market for tantalum, and received $2,360 in sales commissions. Viewing this evidence in the light most favorable to the People and giving them the benefit of every reasonable inference (People v Malizia, 62 NY2d 755, cert denied 469 US 932), defendant's guilt of the crimes charged was proven by overwhelming evidence (People v Bleakley, 69 NY2d 490). We note that defendant raises numerous issues regarding sufficiency of evidence of intent and scienter in connection with the fraud and conspiracy charges, and that similar claims were previously considered and rejected by this Court in deciding the appeal of codefendant Mindy Sue Salvage (People v Salvage, 112 AD2d 59).

We find further that the sentence imposed is not excessive (People v Farrar, 52 NY2d 302, 305).

As the record supports the trial court's determination, after extended post-trial hearing on the issue, that there was no merit to defendant's claim of ineffective assistance of trial counsel due to conflict of interest, this Court will not disturb that determination (see, People v Rivera, 121 AD2d 166, affd 68 NY2d 786).

We have considered defendant's additional claims on appeal and find them to be meritless. Concur—Ellerin, J. P., Wallach, Ross, Kassal and Rubin, JJ.