■ The People of the State of New York, Respondent, v Juanita Romero, Appellant.—Judgment, Supreme Court, New York County (Richard Andrias, J.), rendered May 17, 1990, convicting defendant, upon her plea of guilty, of burglary in the first degree and assault in the first degree, and sentencing her to concurrent terms of 7 to 21 years and 5 to 15 years, respectively, unanimously affirmed.

The record indicates that defendant entered into a knowing, voluntary and intelligent plea bargain *(see, People v Harris,* 61 NY2d 9, 17), including the knowing, voluntary and intelligent waiver of her right to appeal *(see, People v Seaberg,* 74 NY2d 1, 10-11). A full hearing prior to sentencing disclosed that defendant failed to comply with the terms of an additional

agreement that would allow the sentencing court, in its discretion, to consider a further reduction of the sentence promised, and imposed, in connection with the plea bargain. Thus, there is no merit to defendant's claim that she was deprived of the benefit of her plea bargain, nor any evidence that the sentencing court abused its discretion in declining to further reduce the promised sentence *(see, People v Farrar,* 52 NY2d 302).

Defendant's additional claims of error are unpreserved for appellate review as a matter of law by operation of defendant's effective waiver of appeal *(see, People v Callahan,* 80 NY2d 273). Were we to review them in the interest of justice, we would find them to be meritless. Concur—Carro, J. P., Rosenberger, Ellerin, Kupferman and Kassal, JJ.