■ The People of the State of New York, Respondent, v Alfred Diaz, Appellant. [757 NYS2d 731] —Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered June 11, 1999, convicting defendant, upon his plea of guilty, of conspiracy in the first degree and two counts of criminal sale of a controlled substance in the first degree, and sentencing him to concurrent terms of 18 years to life, unanimously affirmed.

Defendant waived his right to appeal the sentence which, in the present circumstances, is not illegal (*People v Callahan*, 80 NY2d 273 [1992]). Thus, the argument that the sentencing court failed to exercise the appropriate discretion is not open to review. In any event, a court's expression of an erroneous belief that it lacks any sentencing discretion following a negotiated plea (*see People v Farrar*, 52 NY2d 302 [1981]) will warrant a remand for resentencing only where the record indicates possible harm flowing from the court's error, such as some indication of reservation by the court as to the fairness of the sentence to be imposed (*see People v Barzge*, 244 AD2d 213 [1997], *lv denied* 91 NY2d 889 [1998]; *People v Rizzo*, 209 AD2d 235, 236 [1994], *lv denied* 85 NY2d 913 [1995]). There is no such indication here. Accordingly, there is no basis for a remand for resentencing. Concur—Buckley, P.J., Sullivan, Rosenberger, Wallach and Friedman, JJ.