■ The People of the State of New York, Respondent, v Eulogio Pena, Appellant. [766 NYS2d 196] —Judgment, Supreme Court, Bronx County (Troy Webber, J.), rendered February 8, 2001, convicting defendant, after a jury trial, of robbery in the first, second and third degrees and grand larceny in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 16, 5, 2 to 4, and 2 to 4 years; judgment, same court (Dominic Massaro, J.), rendered May 30, 2001, convicting defendant, upon his plea of guilty, of attempted assault in the second degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, consecutive to the previously imposed sentence; and order, same court (Dominic Massaro, J.), entered on or about May 19, 2003, which denied his motion to set aside the sentence of the latter judgment, unanimously affirmed.

When the trial court released the deliberating jury for the weekend over defendant's objection, this was contrary to CPL 310.10 as it stood at the time of the trial. However, "cases on direct appeal are generally decided in accordance with the law as it exists at the time the appellate decision is made" (*People v Vasquez*, 88 NY2d 561, 573 [1996]). Effective May 30, 2001, CPL 310.10 (2) was amended to permit a court to declare jury deliberations to be in recess in any case, without obtaining a defendant's consent. This amendment should be applied retroactively because it is procedural, and neither creates a new crime, makes the punishment for a crime more burdensome, nor deprives defendant of a defense (*see People v Sorbello*, 285 AD2d 88, 93 [2001], *lv denied* 97 NY2d 658 [2001]; *see also Collins v Youngblood*, 497 US 37 [1990]).

We perceive no basis for reducing the sentence. Even if we were to conclude that the court that imposed sentence on defendant's guilty plea mistakenly believed that it had no discretion to impose a concurrent sentence, there would nevertheless be no need to remand for resentencing because the court expressed no reservations about the sentence (*see People v Diaz*, 304 AD2d 468 [2003], *lv denied* 100 NY2d 561 [2003]). Concur—Buckley, P.J., Tom, Saxe, Sullivan and Rosenberger, JJ. [*See* 196 Misc 2d 623.]