■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEAN CHERRY, Appellant. [994 NYS2d 346]—

Judgments, Supreme Court, New York County (Ellen Coin, J.), rendered on December 14, 2011, convicting defendant, upon his pleas of guilty, of criminal sale of a controlled substance in the fourth degree and bail jumping in the second degree, and sentencing him to consecutive terms of one year and one to three years, unanimously affirmed.

Defendant made a valid waiver of his right to appeal (*see People v Lopez*, 6 NY3d 248 [2006]). In explaining the waiver, the court separated the right to appeal from the rights automatically forfeited as the result of a guilty plea, and expressly stated that a defendant does not ordinarily give up the right to appeal by pleading guilty. It then explained that, in exchange for the negotiated plea and sentence, defendant was additionally agreeing to waive his right to appeal. Defendant acknowledged that he understood and also executed a written waiver. This waiver forecloses defendant's claims that the court failed to exercise its sentencing discretion, and that the sentence was excessive.

Regardless of whether defendant made a valid waiver of his right to appeal, we perceive no basis for remanding for resentencing (*see e.g. People v Diaz*, 304 AD2d 468 [1st Dept 2003], *lv denied* 100 NY2d 561 [2003]) or reducing the sentence. Concur—Mazzarelli, J.P., Acosta, Saxe, Richter and Clark, JJ.