■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BYRON WHITE, Appellant. [36 NYS3d 9]—

Judgment of resentence, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered October 27, 2015, resentencing defendant to a term of 10 years, unanimously affirmed.

Following a remand from this court (131 AD3d 891 [1st Dept 2015], *lv denied* 26 NY3d 1093 [2015]), for a youthful offender determination on defendant's conviction, upon his plea of guilty, of assault in the first degree (*see People v Rudolph*, 21 NY3d 497 [2013]), the resentencing court denied defendant youthful offender treatment and set forth its reasons for doing so. The court then reimposed its original sentence on that count of 10 years' imprisonment followed by five years of postrelease supervision, to run concurrently with the sentence of 4 to 12 years it had previously imposed on defendant's conviction of conspiracy in the second degree (upon which he was ineligible for youthful offender treatment, for the reasons stated in our original decision).

On the present appeal, defendant concedes that the resentencing court complied with this court's narrow direction under *Rudolph* to consider whether to treat him as a youthful offender on the assault conviction. He challenges the sentence imposed as excessive, however, and argues that this court

should modify his sentence on that count in the interest of justice, either to adjudicate him a youthful offender or otherwise to reduce the term of his incarceratory sentence.

When a defendant enters a guilty plea and validly waives his right to appeal, that waiver precludes any appellate challenge to the harshness of the sentence imposed (*People v Lopez*, 6 NY3d 248, 256 [2006]). We previously determined that defendant had made a valid waiver of his right to appeal in connection with his guilty plea, which foreclosed our consideration of his claim regarding the sentence imposed on his conspiracy conviction (131 AD3d at 892). Our remand for the limited purpose of *Rudolph* compliance constituted a "narrow exception" to the general rule of *Lopez* barring any challenge to the excessiveness of a sentence by a defendant who had validly waived the right to appeal as part of a guilty plea proceeding (*see People v Pacherille*, 25 NY3d 1021, 1023 [2015]). It had no impact on the validity or effectiveness of defendant's waiver of his right to appeal, however, which was validly negotiated as part of the plea agreement. That waiver bars any challenge now to the excessiveness of the resentence or to the resentencing court's exercise of discretion in denying youthful offender treatment (*id.*).

The cases cited by defendant are inapposite, as they involve waivers of the right to appeal that either were followed by a resentence under conditions unknown at the time of the guilty plea and original sentence (*People v Tausinger*, 21 AD3d 1181, 1183 [3d Dept 2005]), or were found on appeal not to have been knowing, voluntary and intelligent (*People v Flores*, 134 AD3d 425 [1st Dept 2015]). Here, although the court at resentencing was not performing a ministerial function and could have imposed a lesser sentence (*id.* at 426-427), defendant received the same bargained-for, ten-year term the court had imposed originally. "As defendant 'knew the maximum exposure [he] could face upon pleading guilty,' his valid appeal waiver precludes his present challenge to his resentence as harsh and excessive" (*People v Sofia*, 62 AD3d 1159, 1160 [3d Dept 2009], quoting *People v Lococo*, 92 NY2d 825, 827 [1998]). Under these circumstances, there was no need for any additional waiver of defendant's right to appeal with respect to the count remanded. Concur—Tom, J.P., Mazzarelli, Manzanet-Daniels, Kapnick and Kahn, JJ.