People v James (2022 NY Slip Op 02636)

People v James

2022 NY Slip Op 02636

Decided on April 21, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 21, 2022

Before: Manzanet-Daniels, J.P., Kern, Singh, Kennedy, Mendez, JJ. 

Ind. No. 1157/18 Appeal No. 15784 Case No. 2020-00078
15784 Case No. 2020-00078 

[*1]The People of the State of New York, Respondent,
v
Kemar James, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Barbara Zolot of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Shera Knight of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Alvin Yearwood, J.), rendered August 21, 2019, convicting defendant, after a jury trial, of robbery in the first degree and two counts of grand larceny in the fourth degree, and sentencing him to an aggregate term of eleven years, unanimously affirmed.
Defendant did not preserve his claim that the evidence was legally insufficient to establish the serious physical injury element of robbery under Penal Law § 160.15(1), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The jury could have reasonably inferred from the victim's testimony, along with medical evidence of the seriousness of the two displaced fractures to his jaw that required surgery with internal fixations, that his injuries resulted in a protracted impairment of his health (see Penal Law § 10.00[10]; People v Wilkins, 138 AD3d 581 [1st Dept 2016], lv denied 27 NY3d 1141 [2016]; People v Martinez, 224 AD2d 254 [1st Dept 1996], lv denied 88 NY2d 989 [1996]).
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
The court's suspension of jury deliberations for two days, resulting from a juror's sickness and other scheduling conflicts, did not violate CPL 310.10(2). Even assuming the recess was contrary to the statute as it stood at the time of the trial, our review is not bound by the prior version (see People v Pena, 309 AD2d 687 [1st Dept 2003], lv denied 2 NY3d 744 [2004]). We find unpersuasive defendant's argument that the legislature intended otherwise.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 21, 2022