People v Cheme (2020 NY Slip Op 51519(U))

[*1]

People v Cheme (Eugenio)

2020 NY Slip Op 51519(U) [70 Misc 3d 129(A)]

Decided on December 18, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

As corrected in part through October 28, 2021; it will not be
published in the printed Official Reports.

Decided on December 18, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2018-1679 Q CR

The People of the State of New York,
Respondent,
against
Eugenio Cheme, Appellant. 

Feldman and Feldman (Arza Feldman of counsel), for appellant.
Queens County District Attorney (Johnnette Traill, Nancy Fitzpatrick Talcott and Sharon Y.
Brodt of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(Scott Dunn, J.), rendered June 28, 2018. The judgment convicted defendant, upon his plea of
guilty, of bail jumping in the third degree.

ORDERED that the judgment of conviction is affirmed.
Defendant pleaded guilty to bail jumping in the third degree (Penal Law § 215.55) as
part of a global disposition, which also included the underlying charge of driving while
intoxicated and felony charges that were pending against him. Pursuant to the plea and
sentencing agreement, defendant was sentenced to one year imprisonment on the bail jumping in
the third degree charge, which was to run consecutively to another sentence of one year
imprisonment imposed at that same proceeding. On appeal, defendant contends that his one-year
sentence for bail jumping was unduly harsh and excessive, and that it should be modified as a
matter of discretion in the interest of justice. Additionally, citing to People v Jones (26 NY3d 730
[2016]), defendant contends that the Criminal Court erred in deferring payment of the mandatory
surcharge without placing its reasons on the record or issuing a written order therefor.
As a general rule, a defendant who has been sentenced according to the terms of a
bargained-for plea and sentencing agreement will not be heard to complain that the sentence was
unduly harsh or excessive (see People v
Galvez, 72 AD3d 838 [2010]; People v Ubiles, 59 AD3d [*2]572 [2009]; People v Ma, 63 Misc 3d 159[A], 2019 NY Slip Op 50874[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; People v Onyeukwu, 56 Misc 3d 140[A], 2017 NY Slip Op
51100[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). Under the circumstances
presented, we find no basis to deviate from that rule. The sentence imposed did not constitute an
abuse of sentencing discretion or a failure to observe sentencing principles, and defendant has not
demonstrated the existence of mitigating or extraordinary circumstances warranting a
modification of the sentence as a matter of discretion in the interest of justice (see People v
Farrar, 52 NY2d 302 [1981]; People
v Vega, 73 AD3d 1218 [2010]; People v Suitte, 90 AD2d 80 [1982]; Ma,
63 Misc 3d 159[A], 2019 NY Slip Op 50874[U]).
By expressly asking the Criminal Court to allow time for defendant to pay the mandatory
surcharge, defendant waived the claim he now raises on appeal pertaining to the mandatory
surcharge (see People v Tietje, 171
AD3d 1221 [2019]; People v Rodriguez, 162 AD3d 513 [2018]; People v Sadiku, 63 Misc 3d
162[A], 2019 NY Slip Op 50917[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2019]). Moreover, any error was in defendant's favor, and, thus, does not entitle him to the relief
he seeks (see People v Himonitis,
174 AD3d 738 [2019]; Tietje, 171 AD3d 1221; Rodriguez, 162 AD3d 513;
People v Fisher, 66 Misc 3d
140[A], 2020 NY Slip Op 50142[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2020]).
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 18, 2020