People v Rowe (2022 NY Slip Op 50152(U))

[*1]

People v Rowe (Jahquay)

2022 NY Slip Op 50152(U) [74 Misc 3d 132(A)]

Decided on February 25, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 25, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DONNA-MARIE E.
GOLIA, JJ

2020-318 Q CR

The People of the State of New York,
Respondent,
against
Jahquay Rowe, Appellant. 

New York City Legal Aid Society (Harold V. Ferguson, Jr. of counsel), for appellant.
Queens County District Attorney (Johnnette Traill and Sharon Y. Brodt of counsel), for
respondent.

Appeal by defendant, as limited by the brief, from a sentence of the Criminal Court of the
City of New York, Queens County (Bruna L. DiBiase, J.), imposed January 7, 2020, upon his
conviction of criminal possession of a controlled substance in the seventh degree, following his
plea of guilty.

ORDERED that the sentence is affirmed.
Defendant pleaded guilty to criminal possession of a controlled substance in the seventh
degree (Penal Law § 220.03) in satisfaction of an accusatory instrument that had originally
charged him with criminal possession of a controlled substance in the fourth degree (Penal Law
§ 220.09 [1]), criminal possession of a forged instrument in the second degree (Penal Law
§ 170.25), criminal possession of a forged instrument in the third degree (Penal Law §
170.20), and criminally using drug paraphernalia in the second degree (Penal Law § 220.50
[2]). Pursuant to the plea and sentencing agreement, defendant was sentenced to three years'
probation. On appeal, defendant contends that his sentence is excessive and that it should be
reduced as a matter of discretion in the interest of justice.
As a general rule, a defendant who has been sentenced according to the terms of a
bargained-for plea and sentencing agreement will not be heard to complain that the sentence was
unduly harsh or excessive (see People v
Galvez, 72 AD3d 838 [2010]; People v Ubiles, 59 AD3d 572 [2009]; People v Cheme, 70 Misc 3d
129[A], 2020 NY Slip Op 51519[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2020]; People v Silverio, 63 Misc
3d 139[A], 2019 NY Slip Op 50571[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2019]). Under the circumstances [*2]presented, we find no basis
to deviate from that rule. The sentence imposed did not constitute an abuse of sentencing
discretion or a failure to observe sentencing principles, and defendant has not demonstrated the
existence of mitigating or extraordinary circumstances warranting a modification of the sentence
as a matter of discretion in the interest of justice (see People v Farrar, 52 NY2d 302
[1981]; People v Vega, 73 AD3d
1218 [2010]; People v Suitte, 90 AD2d 80 [1982]; Cheme, 2020 NY Slip Op
51519[U]; People v Ma, 63 Misc 3d
159[A], 2019 NY Slip Op 50874[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2019]).
Accordingly, the sentence is affirmed.
ALIOTTA, P.J., WESTON and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 25, 2022