People v Bueno (2022 NY Slip Op 50291(U))

[*1]

People v Bueno (Carlos)

2022 NY Slip Op 50291(U) [74 Misc 3d 135(A)]

Decided on March 25, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 25, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DONNA-MARIE E.
GOLIA, JJ

2019-1202 Q CR

The People of the State of New York,
Respondent,
against
Carlos Bueno, Appellant. 

Appellate Advocates (Jenna Hymowitz of counsel), for appellant.
Queens County District Attorney (Johnnette Traill and Nancy Fitzpatrick Talcott of counsel), for
respondent.

Appeal by defendant, as limited by the brief, from so much of a sentence of the Criminal
Court of the City of New York, Queens County (Karina E. Alomar, J.), imposed July 9, 2019,
upon his conviction of disorderly conduct, following his plea of guilty, as imposed a fine of
$250.

ORDERED that the sentence, insofar as appealed from, is affirmed.
On May 19, 2019, defendant was arrested at John F. Kennedy Airport and charged in a
misdemeanor information with criminal trespass in the third degree (Penal Law § 140.10
[a]), unlawful solicitation of ground transportation services (Vehicle and Traffic Law §
1220-b) and trespass (Penal Law § 140.05), for acting as an unauthorized, unlicensed
taxicab driver by offering commuters rides in exchange for money. Defendant had previously
received a written and verbal warning from another police officer at LaGuardia Airport for the
same unlawful act of offering for-fee rides without proper authorization or licensing to work as a
taxicab driver. He was warned at that time that he may not enter an airport premises with the
intent of soliciting fares as an unauthorized taxicab operator. On July 9, 2019, defendant entered
into a negotiated agreement by which he pleaded guilty to the added charge of disorderly conduct
(Penal Law § 240.20), a violation, in exchange for a sentence of a conditional discharge and
a $250 fine. Defendant now protests that the $250 fine portion of the negotiated sentence, the
statutory maximum that can be imposed (see Penal Law §§ 60.01 [3] [b]; 80.05
[4]), is excessive. 
"As a general rule, a defendant who has been sentenced according to the terms of a [*2]bargained-for plea and sentence agreement will not be heard to
complain that the sentence imposed was harsh or excessive, absent an abuse of discretion or
mitigating or extraordinary circumstances" (People v Jimenez, 54 Misc 3d 139[A], 2017 NY Slip Op 50156[U],
*1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; see People v Galvez, 72 AD3d
838, 838 [2010]; People v
Bacchus, 52 Misc 3d 140[A], 2016 NY Slip Op 51168[U], *1 [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2016]). In this case, no such abuse or mitigation can be detected.
Defendant committed the same misdemeanor act for which he had previously been caught and
warned against committing again, but still was able to negotiate a favorable, noncriminal
disposition by which he avoided imprisonment.
Although defendant is indigent, a defendant's economic situation "is but one of the factors
that a court must consider when imposing a fine" (People v Oliver, 276 AD2d 930, 931
[2000]). Here, we cannot say that the $250 fine portion of the sentence is excessive based on the
overall favorable nature of the plea agreement to defendant, which permitted him to avoid both
incarceration and a criminal record. Consequently, we decline to disturb the negotiated
sentence.
Accordingly, the sentence, insofar as appealed from, is affirmed.
ALIOTTA, P.J., WESTON and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 25, 2022