People v Harvey (2024 NY Slip Op 51167(U))

[*1]

People v Harvey (Bryan)

2024 NY Slip Op 51167(U)

Decided on August 9, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 9, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : LISA S. OTTLEY, J.P., CHEREÉ A. BUGGS, PHILLIP HOM, JJ

2022-228 Q CR

The People of the State of New York, Respondent,
against
Bryan Harvey, Appellant. 

Appellate Advocates (Russ Altman-Merino of counsel), for appellant.
Queens County District Attorney (Johnnette Traill and Ellen C. Abbot of counsel), for respondent.

Appeal by defendant, as limited by the brief, from sentences of the Criminal Court of the City of New York, Queens County (Jerry M. Iannece, J.), imposed March 2, 2022, upon defendant's conviction of four charges of unauthorized use of a vehicle in the third degree, upon his pleas of guilty. Defendant was sentenced to four concurrent two-year terms of probation, which included, as Condition No. 28 of each, the requirement that defendant consent to a search by a probation officer, or a probation officer and his or her agent, of defendant's person, vehicle, and place of abode, and the seizure of any illegal drugs, drug paraphernalia, gun/firearm or other weapon, or contraband found during the search.

ORDERED that the sentences are modified, on the law, by deleting Condition No. 28 from each sentence; as so modified, the sentences are affirmed.
Defendant pleaded guilty to four charges of unauthorized use of a vehicle in the third degree (Penal Law § 165.05 [1]) in exchange for dismissal of other charges. By his own account to the probation department, defendant was under the influence of alcohol and marihuana at the time of the offenses. However, the probation department did not recommend that defendant abstain from alcohol use or participate in a substance abuse program. The Criminal Court [*2]sentenced defendant to agreed-upon concurrent two-year terms of probation, but included in each sentence, as Condition No. 28, the requirement that defendant consent to a search by a probation officer, or a probation officer and his or her agent, of defendant's person, vehicle, and place of abode, and the seizure of any illegal drugs, drug paraphernalia, gun/firearm or other weapon, or contraband found during the search. On appeal, defendant argues that Condition No. 28 was improperly imposed in each sentence, and that the sentences were excessive and should be reduced as a matter of discretion in the interest of justice.
"Pursuant to Penal Law § 65.10 (1), the conditions of probation 'shall be such as the court, in its discretion, deems reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so.' The statute 'quite clearly restricts probation conditions to those reasonably related to a defendant's rehabilitation' (People v Letterlough, 86 NY2d 259, 265 [1995])" (People v Dranchuk, 203 AD3d 741, 742-743 [2022]). Although defendant told the probation department that he was under the influence of alcohol and marihuana at the time of the offenses, he was not assessed as being in need of alcohol or substance abuse treatment. Moreover, at the time of sentencing, Penal Law article 221 had been repealed and replaced with Penal Law article 222 (see L 2021, ch 92, §§ 15-16). Under the circumstances, the consent to search condition of probation was improperly imposed because it was not individually tailored with respect to the offense, and, therefore, was not reasonably related to defendant's rehabilitation, or necessary to ensure that defendant will lead a law-abiding life (see Dranchuk, 203 AD3d at 743; People v Acuna, 195 AD3d 854, 855 [2021]).
As a general rule, a defendant who has been sentenced according to the terms of a bargained-for plea and sentencing agreement will not be heard to complain that the sentence was unduly harsh or excessive (see People v Galvez, 72 AD3d 838 [2010]; People v Ubiles, 59 AD3d 572 [2009]; People v Cheme, 70 Misc 3d 129[A], 2020 NY Slip Op 51519[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]; People v Silverio, 63 Misc 3d 139[A], 2019 NY Slip Op 50571[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). Under the circumstances presented, we find no basis to deviate from that rule. The sentences imposed did not constitute an abuse of sentencing discretion or a failure to observe sentencing principles, and defendant has not demonstrated the existence of mitigating or extraordinary circumstances warranting a modification of the sentences as a matter of discretion in the interest of justice (see People v Farrar, 52 NY2d 302 [1981]; People v Vega, 73 AD3d 1218 [2010]; People v Suitte, 90 AD2d 80 [1982]; Cheme, 2020 NY Slip Op 51519[U]; People v Ma, 63 Misc 3d 159[A], 2019 NY Slip Op 50874[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). 
Accordingly, the sentences are modified by deleting Condition No. 28 from each sentence.
OTTLEY, J.P., BUGGS and HOM, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk 
Decision Date: August 9, 2024