People v Martell-Olvero (2025 NY Slip Op 50305(U))

[*1]

People v Martell-Olvero (Erik)

2025 NY Slip Op 50305(U) [85 Misc 3d 131(A)]

Decided on March 7, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 7, 2025
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, MARINA CORA
MUNDY, JJ

2022-976 RI CR

The People of the State of New York,
Respondent,
against
Erik Martell-Olvero, Appellant. 

Appellate Advocates (Maisha Kamal and Sam Feldman of counsel), for appellant.
Richmond County District Attorney (Thomas B. Litsky and James Gandia of counsel), for
respondent.

Appeal by defendant, as limited by the brief, from a sentence of the Criminal Court of the
City of New York, Richmond County (Raja Rajeswari, J.), imposed September 30, 2022, upon
defendant's conviction of driving while intoxicated (common law), upon a plea of guilty.

ORDERED that the sentence is modified, on the law, by deleting Condition No. 28 from the
conditions of probation; as so modified, the sentence is affirmed.
Defendant was charged in an accusatory instrument with, among other things, driving while
intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]); aggravated driving while
intoxicated (per se) (Vehicle and Traffic Law § 1192 [2-a] [a]); and driving while
intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]). Defendant pleaded guilty
to driving while intoxicated (common law), an unclassified misdemeanor, in satisfaction of the
entire accusatory instrument. The Criminal Court (Raja Rajeswari, J.) sentenced defendant to the
agreed-upon definite term of incarceration of five days to be a condition of and to run
concurrently with a three-year term of probation (see Penal Law § 60.01 [2] [d]).
The Criminal Court included, as Condition No. 28 of defendant's probation, that defendant
consent to a search by a probation [*2]officer, or a probation
officer and his or her agent, of his person, vehicle, and place of abode, and the seizure of any
illegal drugs, drug paraphernalia, gun/firearm or other weapon, or contraband found during the
search. On appeal, defendant argues that Condition No. 28 was improperly imposed, and that the
three-year term of probation was excessive and should be reduced as a matter of discretion in the
interest of justice.
A court has broad discretion to impose conditions of probation deemed reasonably related to
a defendant's rehabilitation, reasonably necessary to ensure that he will lead a law-abiding life,
reasonably necessary to ameliorate the conduct which gave rise to the offense, and reasonably
necessary to prevent his future incarceration (see Penal Law § 65.10 [1], [2] [l], [5];
People v Wahl, 302 AD2d 976 [2003]; People v Ranzie, — Misc 3d
—, 2025 NY Slip Op 50162[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2025]; People v Fields, 84 Misc 3d
19 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2024]). Here, defendant was not
armed with a weapon at the time he committed the offense, and while defendant told the
probation department that he was under the influence of alcohol at the time of the offense, he was
not assessed as being in need of alcohol or substance abuse treatment. Under the circumstances,
Condition No. 28 was improperly imposed because it was not individually tailored in relation to
the offense, and was not, therefore, reasonably related to defendant's rehabilitation or necessary
to ensure that defendant will lead a law abiding life (see People v Mensah, 221 AD3d 732 [2023]; People v Dranchuk, 203 AD3d 741
[2022]; People v Acuna, 195 AD3d
854 [2021], cf. People v
Mendoza, 231 AD3d 1170 [2024]).
As a general rule, a defendant who has been sentenced according to the terms of a
bargained-for plea and sentencing agreement will not be heard to complain that the sentence was
unduly harsh or excessive (see People v
Galvez, 72 AD3d 838 [2010]; Ranzie, 2025 NY Slip Op 50162[U];
Fields, 84 Misc 3d 19; People v
Harvey, 83 Misc 3d 132[A], 2024 NY Slip Op 51167[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2024]). Under the circumstances presented, we find no basis to deviate
from that rule. The sentence imposed did not constitute an abuse of sentencing discretion or a
failure to observe sentencing principles, and defendant has not demonstrated the existence of
mitigating or extraordinary circumstances warranting a modification of the sentence as a matter
of discretion in the interest of justice (see People v Vega, 73 AD3d 1218 [2010]; People v Suitte,
90 AD2d 80 [1982]; Ranzie, 2025 NY Slip Op 50162[U]; Fields, 84 Misc 3d 19;
Harvey, 2024 NY Slip Op 51167[U]).
Accordingly, the sentence is modified by deleting Condition No. 28 from the conditions of
probation.
TOUSSAINT, P.J., BUGGS and MUNDY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 7, 2025