People v Gilliard (2025 NY Slip Op 50833(U))

[*1]

People v Gilliard (Richard)

2025 NY Slip Op 50833(U)

Decided on May 16, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 16, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, LISA S. OTTLEY, JJ

2022-983 K CR

The People of the State of New York, Respondent,
against
Richard Gilliard, Appellant. 

Appellate Advocates (Denise Corsi of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Melissa Owen and Katherine A. Walecka of counsel), for respondent.

Appeal by defendant, as limited by the brief, from a sentence of the Criminal Court of the City of New York, Kings County (Melissa T. Lewis, J.), imposed October 11, 2022, upon defendant's conviction, upon a plea of guilty, of disorderly behavior in violation of New York City Administrative Code § 10-179 (a) (7).

ORDERED that the sentence is affirmed.
Defendant, while represented by counsel, pleaded guilty to disorderly behavior in violation of Administrative Code § 10-179 (a) (7) for riding his bike on a sidewalk, obstructing pedestrian traffic. In accordance with the terms of the plea agreement, the court sentenced defendant to pay a $25 fine. On appeal, defendant contends that his sentence is excessive and that it should be reduced to $1 in the interest of justice.
As a general rule, a defendant who has been sentenced according to the terms of a bargained-for plea and sentencing agreement will not be heard to complain that the sentence was unduly harsh or excessive (see People v Galvez, 72 AD3d 838 [2010]; People v Ubiles, 59 AD3d 572 [2009]; People v Rowe, 74 Misc 3d 132[A], 2022 NY Slip Op 50152[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]). Under the circumstances presented, we find no basis to deviate from that rule. The sentence imposed did not constitute an abuse of sentencing discretion or a failure to observe sentencing principles, and defendant has not demonstrated the existence of mitigating or extraordinary circumstances warranting a modification of the sentence as a matter [*2]of discretion in the interest of justice (see People v Farrar, 52 NY2d 302 [1981]; People v Vega, 73 AD3d 1218 [2010]; People v Suitte, 90 AD2d 80 [1982]; People v Harvey, 83 Misc 3d 132[A], 2024 NY Slip Op 51167[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2024]; People v Cheme, 70 Misc 3d 129[A], 2020 NY Slip Op 51519[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]).
Accordingly, the sentence is affirmed.
TOUSSAINT, P.J., MUNDY and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 16, 2025