People v Jackson (2025 NY Slip Op 50832(U))

[*1]

People v Jackson (Robert)

2025 NY Slip Op 50832(U)

Decided on May 16, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 16, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, LISA S. OTTLEY, JJ

2022-753 RI CR

The People of the State of New York, Respondent,
against
Robert Jackson, Appellant. 

Appellate Advocates (Kathleen Whooley of counsel), for appellant.
Richmond County District Attorney (Thomas B. Litsky of counsel), for respondent.

Appeal by defendant, as limited by the brief, from so much of a sentence of the Criminal Court of the City of New York, Richmond County (Raja Rajeswari, J.), imposed August 4, 2022, upon defendant's conviction, upon a plea of guilty, of petit larceny, as imposed a fine of $250.

ORDERED that the sentence, insofar as appealed from, is affirmed.
Defendant, while represented by counsel, pleaded guilty to petit larceny (Penal Law § 155.25) in satisfaction of an accusatory instrument that also charged defendant with criminal possession of stolen property in the fifth degree (Penal Law § 165.40), aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1]), and driving without a license (Vehicle and Traffic Law § 509 [1]). In accordance with the terms of the plea agreement, the court sentenced defendant to a one-year conditional discharge and a $250 fine. On appeal, defendant contends that, based on his indigency, the $250 fine portion of the negotiated sentence is excessive and that it should be vacated or reduced in the interest of justice.
As a general rule, a defendant who has been sentenced according to the terms of a bargained-for plea and sentencing agreement will not be heard to complain that the sentence was unduly harsh or excessive (see People v Galvez, 72 AD3d 838 [2010]; People v Ubiles, 59 AD3d 572 [2009]; People v Rowe, 74 Misc 3d 132[A], 2022 NY Slip Op 50152[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]). Under the circumstances presented, we find no basis to deviate from that rule. The sentence imposed did not constitute an abuse of sentencing discretion or a failure to observe sentencing principles, and defendant has not demonstrated the existence of [*2]mitigating or extraordinary circumstances warranting a modification of the sentence as a matter of discretion in the interest of justice (see People v Farrar, 52 NY2d 302 [1981]; People v Vega, 73 AD3d 1218 [2010]; People v Suitte, 90 AD2d 80 [1982]; People v Harvey, 83 Misc 3d 132[A], 2024 NY Slip Op 51167[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2024]; People v Cheme, 70 Misc 3d 129[A], 2020 NY Slip Op 51519[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]). Although defendant alleges he is indigent, a defendant's economic situation "is but one of the factors that a court must consider when imposing a fine" (People v Oliver, 276 AD2d 930, 931 [2000]). "The fact that [a] defendant was represented by assigned counsel is insufficient, standing alone, to warrant the inference that he is unable to pay [a] fine" (People v Garcia, 59 Misc 3d 134[A], 2018 NY Slip Op 50492[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; see People v Bueno, 74 Misc 3d 135[A], 2022 NY Slip Op 50291[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]).
Accordingly, the sentence, insofar as appealed from, is affirmed.
TOUSSAINT, P.J., MUNDY and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 16, 2025